IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Victoria Green**, as Administrator for the Estate of Craigory Green,<br><br>Plaintiff,<br><br>v.<br><br>**Steve Meeks, et al.,**<br><br>Defendants. | No. 20 C 463<br><br>Hon. Nancy J. Rosenstengel, District Judge<br><br>Jury Trial Demanded |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PARTICIPATE IN DISCOVERY**

Plaintiff filed this case more than eight months ago. The parties have conducted two Rule 26(f) conferences. Plaintiff has duly served written discovery requests on Defendants multiple times. Yet Defendants categorically refuse to provide responses. Defendants have not sought nor obtained a stay of discovery, and their refusal finds no support in the Federal Rules of Civil Procedure or federal case law. Plaintiff respectfully requests that this Court compel them to honor their obligations under the Federal Rules of Civil Procedure and answer Plaintiff's discovery.

## Procedural History

Plaintiff filed her complaint on October 28, 2019 in the U.S. District Court for the Northern District of Illinois. Pursuant to an order of the court, the parties conducted a Rule 26(f) conference on January 22, 2020.

On February 10, 2020, Plaintiff served requests for production and interrogatories on all Defendants. *See* Exhibits A–D. The following day, the Defendants filed a motion to transfer venue. Dkt. no. 43. The Wexford Defendants also filed a partial motion to dismiss. Dkt. no. 42.

The district judge assigned to the case stayed discovery and the deadlines to file responsive pleadings, as well as briefing on the partial motion to dismiss, pending a ruling on the Defendants' motion to transfer. The motion to transfer was decided on May 15, 2020, and the case was transferred to the Southern District of Illinois. Dkt. no. 53.

In a phone conference on June 2, Plaintiff's counsel conveyed to the Defendants that they were now obligated to respond to the outstanding discovery requests that had been issued nearly four months earlier. Although the parties had already conducted a 26(f) conference when the case was located in the Northern District, Plaintiff agreed to conduct a second 26(f) conference to discuss a proposed case schedule.

During the parties' second Rule 26(f) conference on June 8, 2020, counsel for Defendants took the position that discovery could not begin until all

Defendants had answered the complaint and Wexford's partial motion to dismiss was adjudicated, though they were unable to cite any authority supporting this contention. Counsel for the Wexford Defendants also took the position that discovery was premature because his clients were not yet "in the case," despite the fact that that they had long since been served, several attorneys had filed appearances on their behalf, they had themselves served third-party subpoenas, and they had filed motions to transfer and dismiss the case in part nearly four months earlier. *See* dkt. nos. 42, 43; *see also* Ex. E (Defendants' Subpoenas served January 28, 2020). Defendants agreed that Judge Durkin's ruling on their motion to transfer lifted the stay he had imposed, and that no other stay had been issued. Plaintiff's counsel urged defense counsel to reconsider, but Defendants confirmed that they would not be serving any responses to Plaintiff's discovery requests absent an order of the Court. The parties were unable to resolve this disagreement.

On June 29, all the IDOC Defendants other than Dr. Steve Meeks and Kim Hugo filed their answers to the complaint. Dkt. no. 78. The Defendants sought and obtained an extension of time for Dr. Meeks to answer until July 13. Dkt. nos. 77, 81. Defendant Hugo moved to dismiss for failure to state a claim under Rule 12(b)(6). Dkt. no. 79.

In a phone conference on July 2, 2020, Plaintiff's counsel reached an agreement with counsel for the IDOC Defendants to dismiss the claims against

Kim Hugo without prejudice. Plaintiff's counsel also raised the issue of Defendants' ongoing failure to respond to the outstanding discovery, particularly now that all Defendants had either filed an answer, planned to file an answer, or had filed motions to dismiss that did not dispose of the case as to any of the remaining Defendants. In response, the IDOC Defendants for the first time took the position that they would not respond to discovery until the Court held a scheduling hearing. The parties were once again unable to resolve this disagreement.

**Argument**

The Defendants have no legal basis for refusing to provide their already-overdue responses to the discovery requests issued on February 10, 2020. Under Rule 26(d), discovery begins once the parties have held a Rule 26(f) conference. Although discovery was temporarily stayed pending resolution of the motion to transfer, that motion was decided on May 15—triggering the 30-day response deadline under Rules 33(b)(2) and 34(b)(2)(a).

The Defendants ignored that deadline and still to refuse to fulfill their discovery obligations. The IDOC Defendants' new theory that discovery can begin only after the Court holds a scheduling conference lacks any legal support. Similarly, the Wexford Defendants' claim that their partial motion to dismiss relieves their discovery obligations is without merit. In reality, each of these arguments is a thin pretext for unjustified delay.

### A. The IDOC Defendants' Shifting Explanations for Refusing to Answer Discovery Have No Merit

The IDOC Defendants initially contended that they were not obligated to respond to discovery until after all parties had filed responsive pleadings. Counsel for the Defendants could provide no authority—and Plaintiff's counsel is aware of none—supporting this theory, which contradicts the express procedural requirements of Rules 26, 33, and 34.

In any event, because all of the remaining IDOC Defendants have answered or intent to answer the complaint, the purported justification for the delay has changed: the IDOC Defendants now contend that their obligation to answer discovery does not begin until after the Court holds a scheduling hearing.

This argument contradicts the plain instruction of Rule 26(d) that a party may serve discovery any time after the parties confer under Rule 26(f). Rule 26 thus expressly makes the 26(f) conference the onset of discovery. *See Sasso v. Warsaw Orthopedic, Inc.*, No. 3:13-CV-1031-PPS-CAN, 2014 WL 524639, at *1 (N.D. Ind. Feb. 6, 2014) ("In light of the Rule 26(f) conference, Plaintiffs' motion is moot because the parties no longer need this Court's order to initiate discovery on the merits of this case."); *see also* Fed. R. Civ. P. 26(d)(2)(B) (explaining that early-delivered requests for production are "considered to have been served at the first Rule 26(f) conference"); Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served

with the interrogatories."); Fed. R. Civ. P. 34(b)(2)(A) (requiring a response to requests for production within 30 days of service).

As with the IDOC Defendants' prior explanation for refusing to respond, their suggestion that discovery cannot begin until the Court enters a scheduling order lacks any support. Rule 16, which governs scheduling hearings, does not state that a scheduling order is a prerequisite to responding to discovery. Nor does it make any practical sense to adopt such an approach; nothing about the Court's scheduling order will affect the Defendants' obligation to respond to the discovery they have already been served. The IDOC Defendants should therefore be required to respond to the outstanding discovery without further delay.

### B. The Wexford Defendants' Partial Motion to Dismiss is Effectively Moot and Does Not Relieve Their Discovery Obligations

The Wexford Defendants contend that they do not have to respond to discovery until the Court rules on their partial motion to dismiss. This argument is wholly unfounded both in general and in light of the nature of their motion.

In general, filing a motion to dismiss does not automatically stay deadlines to respond to discovery—only an order of the Court would have that effect. "The mere filing of the motion does not automatically stay discovery. Nor does it mean that a court will automatically grant a stay pursuant to Rule 26(c) simply because a defendant asks for one." *In re Sulfuric Acid Antitrust Litig.*,

231 F.R.D. 331, 336 (N.D. Ill 2005) (citation omitted). Having failed to obtain or even seek such a stay, the Wexford Defendants' responses are overdue.

More importantly, permitting the Wexford Defendants to disregard their discovery obligations would be particularly inappropriate given the nature of the motion to dismiss that they filed. The Wexford Defendants' motion to dismiss sought dismissal of only some of the state-law claims against them, and raised no arguments for dismissal of any of Plaintiff's constitutional claims. *See id.* at 337 ("Stays are often deemed appropriate where the motion to dismiss can resolve the case . . . ."). Discovery would proceed on Plaintiff's constitutional claims against all remaining Defendants regardless of whether the challenged claims were to drop out of the case.

If that were not enough reason by itself to reject the Wexford Defendants' position on discovery, their recently filed sur-reply shows that in fact there is *nothing in dispute*. The Wexford Defendants concede that dismissal of the medical-malpractice claims would not be appropriate and have affirmatively withdrawn that portion of their motion to dismiss. Dkt. no. 80, at 2. And although the parties disagree about whether respondeat superior liability should attach to the constitutional claims against Wexford, the Defendants acknowledge that it applies to the state-law claims, making dismissal of that claim inappropriate. *See* dkt. 42, at 8.

As a result, the Wexford Defendants' sole argument for delaying the onset of discovery is a pending, partial motion to dismiss that all parties agree will not remove even *one* of the claims from the case—let alone all of them. Under these circumstances, there is no plausible justification for the Defendants' ongoing refusal to respond to discovery.

**Conclusion**

The Federal Rules of Civil Procedure require the Defendants to participate in discovery. They have not raised even a colorable argument in support of their refusal to do so. Plaintiff therefore respectfully requests that the Court enter an order compelling the Defendants to respond to Plaintiff's discovery requests issued on February 10, 2020.

July 7, 2020

Respectfully submitted,

/s/ John Hazinski
*Attorney for Plaintiff Victoria Green*

Arthur Loevy
Jon Loevy
Sarah Grady
Steve Weil
John Hazinski
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, Illinois 60607
(312) 243-5900
hazinski@loevy.com

**CERTIFICATE OF SERVICE**

I, John Hazinski, an attorney, hereby certify that on July 7, 2020 I caused the foregoing Plaintiff's Motion to Compel Defendants to Participate in Discovery to be filed using the Court's electronic filing system, thereby effectuating service on all counsel of record.

/s/ John Hazinski
*Attorney for Plaintiff Victoria Green*