**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

VICTORIA GREEN, as Administrator          )
Of the Estate of Craigory Green           )
                                          )
      Plaintiff,                        )
                                          )
    vs.                                )          Case No. 20-cv-00463-NJR
                                          )
STEVE MEEKS, et al.,                      )
                                          )
      Defendants.                       )

## DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR DISCOVERY ENTRY OF ESI PROTOCOL

NOW COME the Defendants, STEVE MEEKS, GAIL WALLS, and ERIN MEARS-ATTIG, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and for their Objection to Plaintiff's Motion for Discovery Entry of ESI Protocol [Doc. 96, Doc. 96-1] state as follows:

1.   During a telephonic "Meet and Confer" on August 12, 2020, and later via e-mail, the undersigned expressed concern that Plaintiff's proposed ESI search protocol would result in arguably responsive documents (regarding the decedent and his protected health information (PHI)), however would also result in a significant amount of information, including PHI, on current and former Illinois Department of Corrections (IDOC) inmates other than Plaintiff Craigory Green. Plaintiff's counsel indicated that a draft Protective Order would be circulated which they believed would cover the release of any PHI other than the Plaintiff in this case.

2.   On August 20, 2020, after conferring with all parties, Plaintiff filed her Motion for Discovery, Entry of ESI Protocol, laying out the scope of discovery of electronically stored documents. [Doc. 96]. On August 31, 2020 Plaintiff's counsel sent a proposed Qualified HIPAA

Protective Order for Non-Party PHI to the undersigned and counsel for the Wexford Health Sources, Inc. defendants. [Exhibit A].

3.   Defendants object to the terms of Plaintiff's Motion for Discovery Entry of ESI Protocol [Doc. 96, Doc. 96-1] and Plaintiff's Proposed HIPAA Order [Ex. A] regarding the production of any documents, including but not limited to e-mail, spreadsheets, or reports found during an ESI which contain PHI of any current or former IDOC inmate other than the decedent, Craigory Green. Any attempt to obtain documents, including but not limited to medical records or information on current or former IDOC inmates other than Craigory Green, whether alive or dead, is not reasonably calculated to lead to the discovery of admissible evidence. Further, that request is overly broad, and unduly burdensome, and is premised on the mere possibility that something responsive (i.e. here, to support Plaintiff's allegation that there is a policy never to refer inmates for transplants) as opposed to the likelihood that admissible evidence will be located. *See Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). The Court should weigh any probative value against the potential loss of privacy of the non-party. *Id*.

4.   The healthcare units of IDOC facilities are covered entities under the meaning of HIPAA, 45 C.F.R. Parts 160, 162, and 164, and the PHI of current and former IDOC inmates are protected by these rules. Section 164.502(2) provides that a covered entity is required to disclose PHI in only two situations: (i) to individuals (or their personal representatives) specifically when they request access to, or an accounting of, disclosures of their PHI under §164.524 or §164.528; and (ii) to the Department of Health and Human Services under subpart C of part 16 to investigate or determine the covered entity's compliance with HIPAA. All other provisions for the disclosure of PHI describe in what cases a covered entity "may" disclose the information.

5.   However, while correctional institutions may use PHI of individuals who are inmates

for any purpose for which it may be disclosed, that provision has no application after an individual is no longer an inmate. [45 C.F.R. §164.512(k)(5)(ii), (iii)]. Therefore, disclosing the PHI of any former IDOC inmate would violate the Rule.

6.   Defendants do not dispute that this Court can enter a HIPAA qualified Protective Order in this case establishing the parameters for how PHI will be handled during the course of litigation. And that the Rule requires that the covered entity disclose only the PHI expressly authorized by a Court Order. 45 C.F.R.§164.512(e)(1)(i). However, "[a] central aspect of the Privacy Rule is the principle of 'minimum necessary'use and disclosure." Department of Health & Human Services OCR Privacy Brief, Summary of the HIPAA Privacy Rule, May 2003[1]; 45 C.F.R. §§ 164.502(b), 164.514(d). "A covered entity must make reasonable efforts to use, disclose, and request only the minimum amount of PHI needed to accomplish the intended purpose of the use, disclosure, or request." *Id*.

7.   To that end, PHI that "…does not identify an individual and with which there is no reasonable basis to believe that the information can be used to identify an individual is not individually identifiable health information" 45 C.F.R. 164.514(a). Therefore, there are no restrictions on the use or disclosure of de-identified health information. HHS OCR Privacy Brief; 45 C.F.R. §§ 164.502(b) and (d), 164.514(d). The removal of specified personal identifiers of the individual places the health information of other inmates within a "safe harbor." HHS OCR Privacy Brief; 45 C.F.R. 164.514(b).

8.   Here, any attempt by the Plaintiff to obtain PHI that includes individual identifiers of Current or former IDOC inmates other than the decedent runs afoul of the intent of the Privacy Rule. Defendants therefore object to any attempt by the Plaintiff to obtain documents through an

---

[1] https://www.hhs.gov/sites/default/files/privacysummary.pdf (last accessed August 28, 2020).

ESI that include individual identifiers of current or former inmates other than the decedent, and request that the Court limit such disclosures.

9.   Defendants request that the Court limit disclosure of the individually identifiable health information from the PHI of any current and/or former IDOC inmate, other than the decedent, through redaction of the inmate's name, inmate number, facility, date of birth, admission and discharge dates, and date of death except for the year, SSN, medical record numbers, or any other such individual identifier as listed in 45 C.F.R. §164,514(b)(2)(i) that may be found in documents obtained through ESI. Although redaction may still invade the non-parties' privacy, *Northwestern Memorial Hosp.*, 362 F.3d at 939, a protective order in conjunction with redaction may be sufficient to protect the non-parties' privileged information.

10. Defendants object to ¶ 15 of Plaintiff's proposed ESI Protocol stating "…the parties may also agree to the production of metadata from fields to be specified by the Parties and the provision of load files pursuant to the Parties' specifications" as it is unclear what metadata is contemplated. [Doc. 96-1, ¶15]. With respect to production of native files, certain metadata fields can be produced, to the extent that it exists in the ordinary course of business. However ¶15 does not provide enough information, and defendants are unable to agree to production without further discussion.

11. Defendants object to the requirement for logging of redactions contained in Exhibit B. [Doc. 96-1]. As discussed *supra* it is Defendants' position that all identifiers contained in PHI of current or former IDOC inmates, other than the decedent, be redacted. Those redactions will be self-evident, and a requirement to log each instance is unduly burdensome.

12. Defendants object to the ESI review trigger of 20,000 documents described in ¶10 of Plaintiff's proposed ESI Protocol. [Doc. 96-1]. Defendants suggest that ¶ 10 be changed to "In the

event the ESI search using the search terms results in the identification of over 5,000 documents, Defendants' counsel will notify Plaintiff's counsel and will conduct a review of a subset of documents to determine the percentage of relevant documents found by the search terms."

13. Defendants also object to the use of the decedent's common surname Green, without his inmate number, as it will likely result in the return of an unmanageable about of data unrelated to the decedent.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Honorable Court deny or modify Plaintiff's Proposed ESI plan as currently written, and for any other and further relief as the Court deems just and proper.

Respectfully submitted,

STEVE MEEKS, KIM HUGO, GAIL WALLS, ERIN MEARS-ATTIG,

Defendants,

KWAME RAOUL, Attorney General, State of Illinois,

Attorney for Defendants,

Carla G. Tolbert #6305104
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8781

BY:    s/ Carla G. Tolbert
       Carla G. Tolbert #6305104
       Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| VICTORIA GREEN, as Administrator | ) |
| Of the Estate of Craigory Green | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )      Case No. 20-cv-00463-NJR |
| | ) |
| STEVE MEEKS, et al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2020, the foregoing document, <u>Objection to Plaintiff's Motion for Discovery Entry of ESI Protocol</u>, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Arthur Loevy | loevylaw@loevy.com |
| Sarah Grady | sarah@loevy.com |
| Stephen Weil | weil@loevy.com |
| Michael Kanovitz | mike@loevy.com |
| Johathan Loevy | jon@loevy.com |
| Timothy Dugan | tdugan@cassiday.com |
| Ryan Wallis | rwallis@cassiday.com |

Respectfully Submitted,

s/ Carla G. Tolbert _____
Carla G. Tolbert #6305104
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone: (618) 236-8781
Fax: (618) 236-8620
E-Mail: ctolbert@atg.state.il.us