IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTORIA GREEN, *as administrator of the Estate of Craigory Green,*<br><br>**Plaintiff,**<br><br>v.<br><br>STEVE MEEKS. *et al.,*<br><br>**Defendants.** | Case No. 20-cv-463-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a motion to dismiss filed by Defendants Wexford Health Sources, Inc., Mohammed Siddiqui, John Shepherd, Vipin Shah, Michael Moldenhaur, Rashida Pollion, Mary Jo Zimmer, and Barbara Winter (collectively the "Wexford Defendants") (Doc. 42). Plaintiff, Victoria Green, the administrator of the Estate of her nephew Craigory Green ("Green") filed a response in opposition to the motion to dismiss (Doc. 69). The Wexford Defendants in turned filed a reply brief (Doc. 80).

### BACKGROUND

Green initially filed this civil action on October 28, 2019 in the United States District Court for the Northern District of Illinois (Doc. 1). The Wexford Defendants moved to transfer venue pursuant to 28 U.S.C. § 1404, contending that the Southern District of Illinois was a more appropriate venue (Doc. 43). The district judge in the Northern District of Illinois agreed, granted the Wexford Defendants' motion, and the case was transferred to the undersigned (Docs. 54, 55, 57).

Green filed the Second Amended Complaint (Doc. 39) on January 27, 2020. It advanced a total of six counts, including claims made under 42 U.S.C. § 1983 and state law claims (*Id.*). The Wexford Defendants filed a timely motion to dismiss that Second Amended Complaint (Doc. 42). On July 16, 2020, Green filed a motion seeking leave to file another amended complaint removing allegations relating to Defendant Hugo and thus dismissing her from the case (Doc. 87).[1] The Court granted Green leave and directed her to file the Third Amended Complaint *instanter* (Doc. 88). In so doing, the Court noted that the claims in the Third Amended Complaint are identical to the claims in the Second Amended Complaint (*Id.*). As a result, the Court decided the new pleading does not moot the arguments raised by the Wexford Defendants in their motion to dismiss and therefore would not require a refiling of the same motion. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (3d ed. 1998 & Supp. 2006) ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (collecting cases). Accordingly, the Court considers the Wexford Defendants' motion to dismiss (Doc. 42) as it applies to the Third Amended Complaint (Doc. 90).

---

[1] Kim Hugo was the Agency Medical Coordinator for the Illinois Department of Corrections and an employee of that agency (*See* Doc. 39, ¶ 10).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *E.g.*, *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation omitted). The complaint will survive the motion to dismiss only if it alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

### A. The Operative Complaint and the Motion to Dismiss

The Wexford Defendants' motion to dismiss is a partial motion to dismiss (*See* Doc. 42). Initially, it sought dismissal of Count IV (wrongful death against all defendants); Count V (survival action against all defendants); and Count VI (*respondeat superior* against Wexford Health Services, Inc.) (*See* Doc. 42). In requesting dismissal as to Counts IV and V, the Wexford Defendants argued these counts were really medical negligence claims and Green failed to support either claim with a certificate of merit as required by 735 ILCS § 5/2-622 (Doc. 42). Green responded by noting that recent Seventh

Circuit precedent unequivocally confirmed that "a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under [735 ILCS] § 5/2-622." *Young v. United States*, 942 F.3d 349 (7th Cir. 2019); (*see also* Doc. 69, pp. 5-6). Faced with this precedent from the Seventh Circuit, the Wexford Defendants filed a reply brief acknowledging the holding in *Young* and requested the Court's leave to withdraw their request for dismissal of Counts IV and V (Doc. 80, p. 2). The Wexford Defendants' request to withdraw these arguments is **GRANTED**.

Accordingly, the only question before the Court is whether Count VI (*respondeat superior*), which is alleged only against Wexford Health Services Inc. ("Wexford"), must be dismissed. This action stems from the death of Craigory Green who, at all times relevant to the case, was in the custody of the Illinois Department of Corrections ("IDOC") (*e.g.* Doc. 90, ¶¶ 1-4, 8). The defendants in this case are primarily medical personnel who worked with or treated Green while he was in IDOC custody and who are employed by Wexford, a corporation who contracts with the State of Illinois to provide healthcare within its prisons (*See* Doc. 90, ¶¶ 7-19).[2] In Count VI, Green alleges that Wexford is liable for the actions of its employees acting within the scope of their employment under state law (Doc. 90, ¶19, 135-138). Specifically, Green contends that Wexford must be held liable under 42 U.S.C. § 1983 for the conduct of its employees (which is described throughout the Complaint) acting within the course and scope of their employment (Doc. 90, ¶ 137).

---

[2] Following the dismissal of Hugo, there is still one Defendant – Steve Meeks – who is employed by the IDOC and served as that agency's Chief of Health Services (Doc. 90, ¶ 9).

B. **Analysis**

Wexford's argument in support of dismissal is narrow and straight forward. Wexford contends that Count VI, which is alleged only against Wexford the corporate entity, should be dismissed because it is a well settled principle that the doctrine of *respondeat superior* does not apply to actions under 42 U.S.C. § 1983. Wexford relies on *Shields v. Illinois Dep't of Corrections*, 746 F.3d 782 (7th Cir. 2014) in support of its contention that a private corporate entity (like Wexford) cannot be held liable under § 1983 absent a constitutional violation caused by an unconstitutional policy or custom of the corporation itself. As the Seventh Circuit makes clear in *Shields*: "[r]espondeat superior liability does not apply to private corporations under § 1983." *Id.* at 789.

In response, Green seemingly acknowledges the overwhelming precedent on the issue of *respondeat superior*. She contends, however, that because she has advanced viable state law claims (*e.g.* Counts IV and V), and because there is no basis to dismiss these state law claims, the *respondeat superior* claim can proceed. Green also contends that language in *Shields* and *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (*en banc*), indicates the Seventh Circuit may be interested in revisiting the issue and recognizing a claim of *respondeat superior* liability against a private corporation for constitutional violations (Doc. 69). Nonetheless, Green concedes that since the decision in *Shields*, the Seventh Circuit has not had an opportunity to revisit the question of *respondeat superior* in an appropriate case (*Id.*). In other words, Green acknowledges that it remains the law of this circuit that *respondeat superior* liability does not apply to private corporations under § 1983.

"When deciding a matter of federal question, a district court is bound by the decisions of the Circuit Court of Appeals of the circuit in which it sits, as well as by the Supreme Court." *Flanagan v. Allstate Ins. Co.*, 242 F.R.D. 421, 431 (N.D. Ill.), *modified*, 242 F.R.D. 434 (N.D. Ill. 2007). In other words, the trial court's function is to apply the *existing* precedent of the Seventh Circuit Court of Appeals. And here, Wexford is correct—there is no *respondeat superior* liability in § 1983 actions against a private corporation. *Shields*, 746 F.3d at 789; *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) ("Moreover, just as a municipal corporation is not vicariously liable upon a theory of *respondeat superior* for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.") (internal citation omitted); *Gaston v. Ghosh*, 920 F.3d 493, 494 (7th Cir. 2019) ("*Iskander v. Forest Park*, 690 F.2d 126 (7th Cir. 1982), holds that private corporations, when deemed to be state actors in suits under 42 U.S.C. § 1983, must be treated the same as municipal corporations. This means that they are not subject to vicarious liability."); *Hahn v. Walsh*, 762 F.3d 617, 638–39 (7th Cir. 2014) ("municipal entities cannot be liable for their employees' actions under a *respondeat superior* theory [and] [o]our cases have extended this limitation to private entities.") (internal citation omitted); *Peters v. Butler*, 2019 WL 1304223, at *2 (S.D. Ill. Mar. 21, 2019) ("Private corporations, like Wexford, cannot be held liable for *respondeat superior* claims under Section 1983.") [3]

---

[3] In *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 522 (7th Cir. 2019), the Court of Appeals acknowledged that in *Shields*, Judge Hamilton "called for a re-examination of *Iskander's* holding" which is one of the seminal cases that precludes *respondeat superior* in § 1983 actions against a private corporations like Wexford. But the *Wilson* Court made clear that the Seventh Circuit "declined to hear *Shields* en banc, and since then we have chosen to leave *Iskander* undisturbed."

The Court finds neither of Green's arguments convincing or persuasive. As a general matter, the Court fails to see how the maintenance of a state law medical malpractice claim allows a *respondeat superior* claim against Wexford to proceed. The simple fact is that the Third Amended Complaint alleges a count of *respondeat superior* against Wexford, maintaining that it should be "held liable under 42 U.S.C. § 1983 for the conduct of its employees acting within the scope of their employment." (Doc. 90, ¶ 138). As demonstrated throughout this Order, this is simply not a viable theory of liability. Nor is the undersigned convinced that it is the trial court's role to allow a *respondeat superior* claim to proceed against Wexford for constitutional violations to determine whether the Court of Appeals is prepared to reverse its precedent as Green asks the Court to do. The simple fact is that a "private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander*, 690 F.2d at 128 (7th Cir. 1982). The Seventh Circuit's holding in *Iskander*, which unequivocally precludes *respondeat superior* against Wexford, remains an undisturbed precedent in this circuit. *Wilson*, 932 F.3d at 522. Consequently, Wexford's motion to dismiss Count VI of Green's Third Amended Complaint will be granted.

## CONCLUSION

The Wexford Defendants' request to withdraw its arguments in support of dismissal as to Counts IV and V is **GRANTED**.

---

*Id*.

Wexford's motion to dismiss Count VI (Doc. 42) of Plaintiff Victoria Green's Third Amended Complaint is **GRANTED**. Count VI (*respondeat superior*) against Wexford Health Services Inc. is **DISMISSED with prejudice**. This case shall proceed on Counts I-V of the Third Amended Complaint.

**IT IS SO ORDERED.**

DATED:  September 4, 2020

> **NANCY J. ROSENSTENGEL**
> **Chief U.S. District Judge**