046166/19344/MHW/JJL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| VICTORIA GREEN, as Administrator of the Estate of CRAIGORY GREEN,<br><br>Plaintiff,<br><br>v.<br><br>STEVE MEEKS; KIM HUGO; MOHAMMED SIDDIQUI; GAIL WALLS; JOHN SHEPHERD; MICHAEL MOLDENHAUER; VIPIN SHAH; ERIN MEARS-ATTIG; RASHIDA POLLION; MARY ZIMMER; B. WHITE; WEXFORD HEALTH SOURCES, INC.; and UNKNOWN WEXFORD DOCTOR,<br><br>Defendants. | Case Number  3:20-cv-00463-SPM<br><br>District Judge Stephen P. McGlynn |

**MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING CLAIMS AGAINST JOHN SHEPHERD, M.D., RASHIDA POLLION, N.P., AND BARBARA WINTER**

COME NOW Defendants, JOHN SHEPHERD, M.D., RASHIDA POLLION, N.P., and BARBARA WINTER, by and through their attorneys, CASSIDAY SCHADE LLP, and for their Motion to for Judgment on the Pleadings Dismissing Claims Against them pursuant to Fed R. Civ. P 12(c), state as follows:

## I.     INTRODUCTION

On October 28, 2019, Plaintiff, Victoria Green filed her original Complaint the above-captioned action bringing claims against a set of defendants that included WEXFORD HEALTH SOURCES, INC. ("Wexford"), and the following current or former Wexford employees: MOHAMMED SIDDIQUI, M.D. ("Dr. Siddiqui"), JOHN SHEPHERD, M.D. ("Dr. Shepherd"), VIPIN SHAH, M.D. ("Dr. Shah"), MICHAEL MOLDENHAUER, N.P. ("Mr. Moldenhauer"), RASHIDA POLLION, N.P. ("Ms. Pollion"), MARY JO ZIMMER, N.P. ("Ms. Zimmer"), and

BARBARA WINTER ("Ms. Winter," originally incorrectly identified as "B. White") (collectively "Wexford Defendants").  (Doc. 1).  Plaintiff filed her first Amended Complaint on December 10, 2019, and her Second Amended Complaint on January 27, 2020.  (Docs. 14, 39).  On February 11, 2020, the Wexford Defendants filed their Motion to Dismiss Counts IV-VI of Plaintiff's Second Amended Complaint, invoking Fed. R. Civ. P. 12(b)(6).  (Doc. 42).

On July 28, 2020, Plaintiff filed her Third Amended Complaint, which is the currently operative complaint. (Doc. 90).  Plaintiff brought claims for purported violations of the Eighth Amendment (Counts I-III), state law medical malpractice claims (Counts IV-V), and in Count VI, Plaintiff attempted to bring a claim against Wexford under a theory of respondeat superior.  *Id.*  Underlying each count were Plaintiff's allegations that Defendants failed to timely and adequately diagnose and/or treat Decedent, Craigory Green's, primary sclerosing cholangitis resulting in his death.  *Id*.  This was the same set of claims at issue in the Second Amended Complaint, and the Court permitted Defendants' Motion to Dismiss Counts IV-VI of the Second Amended Complaint to apply to the same counts in the Third Amended Complaint.  (*See* Doc. 88).

On September 4, 2020, the Court granted in part Defendants' Motion to Dismiss, and dismissed Plaintiff's Count VI.  (Doc. 101).  Plaintiff's Counts I through V remain active.

According to the Third Amended Complaint, Decedent was incarcerated at Menard Correctional Center ("Menard") from September 27, 2012, through October 1, 2018.  (Doc. 90 at ¶¶ 27; 77-95).

Plaintiff's claims against Dr. Shepherd are solely related to the treatment he provided Decedent on October 26, 2012. (Doc. 90 at ¶¶ 29-32). Plaintiff's claims against Ms. Pollion are solely related to the treatment she provided Decedent on May 24, 2015. (Doc. 90 at ¶ 36).

Plaintiff's claims against Ms. White are solely related to the treatment she provided Decedent on March 16, 2015. (Doc. 90 at ¶ 34**).**

In his Answer and Affirmative Defenses to the Third Amended Complaint, Dr. Shepherd Defendant admitted that he was employed by Wexford as an independently contracted physician at Menard from February 11, 2006, until March 10, 2013. (Doc. 103 at ¶ 12). In Ms. Pollion's Answer and Affirmative Defenses, she admitted she was employed by Wexford as a nurse practitioner at Menard from December 17, 2005, until May 1, 2015. (Doc. 104 at ¶ 12). Ms. Winter admitted in her Answer and Affirmative Defenses that she was employed by Wexford as a nurse from January 30, 2012 to July 1, 2016. (Doc. 106 at ¶ 18).

Each of these defendants is similar in that Plaintiff has alleged that they treated Plaintiff only once, more than two years before Plaintiff filed suit. In this regard, Plaintiff's allegations affirmatively establish that her claims against Dr. Shepherd, Ms. Pollion, and Ms. Winter are barred by the two-year statute of limitations. Additionally, each of these three defendants ceased employment at Menard more than two years before Plaintiff filed the instant suit. Therefore, each had no opportunity to participate in Decedent's care within the period, and Plaintiff's claims against each of them accrued more than two years before Plaintiff filed suit.

Plaintiff's Third Amended Complaint should be dismissed as to Defendants, Dr. Shepherd, Ms. Pollion, and Ms. Winter.

## II. STANDARD OF REVIEW

Rule 12(c) motions for judgment on the pleadings differ from Rule 12(b)(6) motions to dismiss because they are brought after the pleadings are closed. See Fed. R. Civ. P. 12(c); *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Despite the difference in timing, the Court reviews Rule 12(c) motions under the same standards that apply

to motions to dismiss under Rule 12(b)(6). *See Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012); *Buchanan–Moore*, 570 F.3d at 827. When considering a Rule 12(c) motion, the Court looks to "the complaint, the answer, and any written instruments attached as exhibits." *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); Fed.R.Civ.P. 10(c). Under Rule 12(c), the Court accepts all well-pled allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Fail–Safe, LLC v. A.O. Smith Corp.*, 674 F.3d 889, 892 (7th Cir. 2012). To avoid dismissal, a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

### III. ARGUMENT IN FAVOR OF DISMISSAL

The statute of limitations is designed "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Wilson v. Groze* at 957. "Statutes of limitations are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application. They protect important social interests in certainty, accuracy, and repose." *Id.*

Eight Amendment claims made pursuant to 42 U.S.C. § 1983 are considered personal injury claims and are governed by the personal injury statute of limitations laws in the state where the alleged injury occurred. *Delgado-Brunet v. Clark*. 93 F.3d 339, 342 (7th Cir. 1996). Illinois has a two-year statute of limitations for personal injury actions. *See* 735 Ill. Comp. Stat. Ann. 5/13–202 (2008); *Anton v. Lehpamer,* 787 F.2d 1141, 1142 (7th Cir.1986).

Although state law determines the length of the statute of limitations, federal law determines when that statute of limitations begins to accrue. *Wilson v. Giesen,* 956 F.2d 738, 740 (7th

Cir.1991). Federal law dictates that accrual begins when a "plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* An Eighth Amendment violation arising out of a defendant's deliberate indifference to a prisoner's serious medical needs can also be a continuing violation, and thus, can accrue for as long as a defendant knows about a prisoner's serious medical condition, *has the power to provide treatment*, and yet withholds treatment." *Wilson v. Groze,* 956 F.2d at 955; *citing Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) (emphasis added).

In *Heard v. Wexford Health Sources*, 2011 U.S. Dist. LEXIS 109585, 4 (S.D. Ill. Sept. 26, 2011), the plaintiff filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging the defendant Medical Director for the Illinois Department of Correction, Eleya, amongst others, was deliberately indifferent to his medical needs, violating his Eighth Amendment Rights. *Heard* at 2-3. Medical Director Eleya retired on May 1, 2007. The Plaintiff filed the lawsuit on May 22, 2009. *Id.* at 3. Prior to filing his lawsuit, the Plaintiff filed several grievances regarding surgery needed for his alleged serious medical condition. *Id.* at 2.

The Court held the statute of limitations for the plaintiff's claims against Defendant Eleya began to accrue the next day after his retirement. *Id.* at 5. Thus, since Medical Director Eleya retired on May 1, 2007 and the plaintiff did not file his suit until May 22, 2009, his claims were barred based upon the statute of limitations. *Id.* The Court reasoned the continuing violation doctrine "has limits, and in the context of prisoner's deliberate indifference claims, the claim doesn't accrue as long as the defendants had the power to do something about his condition." *Id.* The Court further noted that "[a]ny other finding could render potential defendants eternally liable which would undermine the entire purpose of the statute of limitations." *Id*. at 4-5.

5

The plaintiff in *Heard* subsequently appealed the dismissal of Medical Director Eleya to the Seventh Circuit. *Heard v. Elyea*, 525 Fed. Appx. 510, 511 (7th Cir. Ill. 2013). In affirming the District Court's decision to dismiss Medical Director Eleya based upon the statute of limitations, the Seventh Circuit held that even in cases where there is a continuing violation, the statute of limitations begins to accrue when a person loses the ability "to do something about [the plaintiff's] condition." *Id.* Thus, "*when a person resigns or retires from his public employment, the claim accrues on that date.*" *Id.*

The case at bar is analogous to *Heard* with regard to Dr. Shepherd, Ms. Pollion, and Ms. Winter. Dr. Shepherd retired from Wexford on March 10, 2013—therefore, Plaintiff's claim against him accrued on March 11, 2013. Ms. Winter retired from Wexford on July 1, 2016—therefore, Plaintiff's claim against her accrued on July 2, 2016. Ms. Pollion retired from Wexford on May 1, 2015—therefore, Plaintiff's claim against her accrued on May 2, 2015. Plaintiff has pled that Ms. Pollion saw Plaintiff on May 24, 2015, which would be after she left the facility. This allegation has been denied by Ms. Pollion.[1] Regardless, Plaintiff does not allege that Ms. Pollion saw Plaintiff after May 2015, and she does not and cannot dispute the fact that Ms. Pollion retired on May 1, 2015.

Plaintiff's allegations show a prima facie case that her claims against Dr. Shepherd accrued no later than July 2, 2016; her claims against Ms. Winter accrued no later than July 2, 2016; and her claims against Ms. Pollion accrued no later than May 2, 2015. The two-year statute of limitations for claims against each of these defendants expired more than two years before Plaintiff filed suit on October 28, 2019. Therefore, Plaintiff's claims against these three

---

[1] Although it is not material to this motion, Defendants note that contemporary medical records show that Ms. Pollion saw Plaintiff on *April* 24, 2015, which may have been the date to which Plaintiff intended to refer.

6

defendants are barred by the applicable statute of limitations. *See Heard v. Elyea*, 525 Fed. Appx. 510, 511 (7th Cir. Ill. 2013).

WHEREFORE, Defendants, JOHN SHEPHERD, M.D., RASHIDA POLLION, N.P., and BARBARA WINTER, respectfully request that this Honorable Court enter an Order: (1) Granting the instant Rule 12(c) Motion for Judgment on the Pleadings; (2) dismissing Plaintiff's causes of action against them with prejudice, and (3) granting any other relief the Court deems just and proper.

                                                  Respectfully submitted,

                                                  CASSIDAY SCHADE LLP

                                                  By: /s/ Ryan C. Wallis
                                                        One of the Attorneys for Defendant,
                                                        WEXFORD HEALTH SOURCES, INC.,
                                                        MOHAMMED SIDDIQUI, M.D., JOHN
                                                        SHEPHERD, M.D., VIPIN SHAH, M.D.,
                                                        MICHAEL MOLDENHAUER, N.P.,
                                                        RASHIDA POLLION, N.P., MARY JO
                                                        ZIMMER, N.P., and BARBARA WINTER

Ryan C. Wallis
ARDC No. 6288689
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
rwallis@cassiday.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

ATTORNEYS FOR DEFENDANTS, KIM HUGO, STEVEN MEEKS, GAIL WALLS and ERIN MEARS-ATTIG,:
Rachel Schwarzlose
Carla Tolbert
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea IL 62226
(618) 236-8743
rschwarzlose@atg.state.il.us
ctolbert@atg.state.il.us

ATTORNEYS FOR PLAINTIFF
Sarah C. Grady, Esq.
Arthur R. Loevy
John T. Hazinski
Jonathan I. Loevy
Michael I. Kanovitz
Stephen H. Weil
Loevy & Loevy
311 North Aberdeen Street, Third Floor
Chicago IL 60607
(312) 243-5900
sarah@loevy.com
arthur@loevy.com
hazinski@loevy.com
jon@loevy.com
mike@loevy.com
weil@loevy.com

/s/ Ryan C. Wallis

9642547 RWALLIS;RWALLIS