UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| VICTORIA GREEN, as Administrator of the Estate of CRAIGORY GREEN,<br><br>Plaintiff,<br><br>v.<br><br>STEVE MEEKS; KIM HUGO; MOHAMMED SIDDIQUI; GAIL WALLS; JOHN SHEPHERD; MICHAEL MOLDENHAUER; VIPIN SHAH; ERIN MEARS-ATTIG; RASHIDA POLLION; MARY ZIMMER; B. WHITE; WEXFORD HEALTH SOURCES, INC.; and UNKNOWN WEXFORD DOCTOR,<br><br>Defendants. | No. 3:20-cv-00463-NJR |

**MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON ELECTRONICALLY STORED INFORMATION (Doc. 122)**

NOW COMES Defendants, WEXFORD HEALTH SOURCES, INC., MOHAMMED SIDDIQUI, M.D., JOHN SHEPHERD, M.D., VIPIN SHAH, M.D., MICHAEL MOLDENHAUER, N.P., RASHIDA POLLION, N.P., MARY JO ZIMMER, N.P., and BARBARA WINTER, by and through their attorneys, CASSIDAY SCHADE LLP, and pursuant to the Court's grant of permission to the parties to ask the Court to reconsider the Order (Doc. 122, p. 3), request that the Court reconsider the scope of the ESI searches ordered in the ESI protocol (Doc. 96-1), based upon initial returns on searches of the terms as required by the ESI protocol, stating as follows:

On January 15, 2021, the Court entered an order implementing the ESI protocol proposed by Plaintiff. (Order, Doc. 122, implementing the protocol at 96-1, with a modification). Defendants had objected to the ESI protocol in large part because the search terms proposed would tend to appear on so many electronically stored files that the results of the search would

impose an overly burdensome, unwieldy, and expensive obligation on Defendants to process. (*See* Doc. 97).  Defendants anticipate that the results will net so many files—including so many documents of no relevance to this case or responsiveness to the discovery requests—that the effort to review those documents could require so much time as to be completely impracticable and unhelpful to the resolution of this matter.  *See id.*  Wexford Health Sources, Inc. ("Wexford"), has conducted searches of several of the search terms, and has confirmed that they are overly broad so as to be impractical.  Movants accordingly move that the Court reconsider its order implementing the ESI protocol.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) allows a party to seek relief for a manifest error of fact or law. *Russell v. Delco Remy*, 51 F.3d 746, 749 (7th Cir. 1995); *Baker v. Lindgren*, 856 F.3d 498, 507 (7th Cir. 2017), citing *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).  The Rule essentially enables a District Court to correct its own errors and avoid unnecessary appellate proceedings.  *Russell*, 51 F.3d at 749, citing *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986).  A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).

Federal Rule of Civil Procedure 54(b) provides that an interlocutory order that does not adjudicate all claims involving all parties to a suit "may be revised at any time before the entry of judgment." Fed. R. Civ. P. 54(b). Similar to Rule 59(e), reconsideration of an interlocutory order pursuant to Rule 54(b) is only appropriate when there is a controlling change in the law or facts or when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but

2

of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

## DISCUSSION

Wexford Health Sources, Inc., has enlisted its information technology staff to begin the searches encompassed by the protocol. Counsel for the parties have been conferring regularly since the Court issued its order implementing the ESI protocol. Counsel for Wexford has advised counsel for Plaintiff that an initial search for electronic documents bearing the search terms "GREEN and LIVER" netted over 80,000 files comprising over 100 gigabytes ("GB") of data. Wexford has continued to conduct initial searches and has obtained further search results since the last conference with Plaintiff's counsel. The number of electronic files netted by searches conducted thus far include the following results:

| Search term in ESI Protocol. | Approximate number of files yielded by a search of that term. | Approximate size of files yielded by a search of that term. |
|---|---|---|
| GREEN and LIVER | Over 85,000 files | Over 100 GB |
| TRANSPLANT* | Over 62,000 files | Over 100 G |
| "UTILIZATION MANAGEMENT" and SCHEDUL* | Over 26,000 files | Over 45 GB |
| LIVER and CARBONDALE | Over 26,000 files | Over 40 GB |
| 7.6 and WEXFORD | Over 43,000 files | Over 55 GB |

Additionally, Wexford conducted a search of emails and a search of electronically stored documents containing the terms "Craigory" "Craigory Green" and "M31534." That search resulted in 1700 emails and electronic documents. This is notable on the scope of documents netted on Craigory Green and gives some information on the number of documents that could be netted by a search not limited in scope to the decedent.

3

The parties have been conferring on the scope of the terms as the scope of the results. Defendants propose that the parties confer on further narrowing the scope of the searches required by the ESI protocol and advise the Court on an amended set of search terms. As a proposed measure for narrowing the searches, Defendants propose that the Court order that each of the searches (e.g. "GREEN and LIVER" being one search) that will yield over 5,000 files be narrowed so that the documents that will be reviewed for the search term, as modified, will not exceed 5,000 files.

## **CONCLUSION**

Searches for documents following the ESI protocol as proposed by Plaintiff confirm that the ESI protocol will require Wexford and its counsel to spend vast amounts of time and human effort to sift through information on thousands of inmates with no connection to this litigation. Time spent on those irrelevant and non-responsive documents does not advance the interests of Plaintiff or justice and will amount to a crushing expense for Defendants. Movants respectfully request that the Court order the parties to confer and propose amended search terms for the protocol to the Court.

WHEREFORE, for the aforementioned reasons, and in the interest of justice, Defendants WEXFORD HEALTH SOURCES, INC., MOHAMMED SIDDIQUI, M.D., JOHN SHEPHERD, M.D., VIPIN SHAH, M.D., MICHAEL MOLDENHAUER, N.P., RASHIDA POLLION, N.P., MARY JO ZIMMER, N.P., and BARBARA WINTER, pray this Court reconsider its Order implementing the ESI protocol as described in Doc. 96-1, ordering the parties to propose search terms yielding a more narrow set of results, and for such other and further relief as this Court deems just and proper.

                        Respectfully submitted,

                        CASSIDAY SCHADE LLP

                        By: /s/ Ryan C. Wallis

                        One of the Attorneys for Defendants, WEXFORD HEALTH SOURCES, INC., MOHAMMED SIDDIQUI, M.D., JOHN SHEPHERD, M.D., VIPIN SHAH, M.D., MICHAEL MOLDENHAUER, N.P., RASHIDA POLLION, N.P., MARY JO ZIMMER, N.P., and BARBARA WINTER

Ryan C. Wallis
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
rwallis@cassiday.com

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2021, I electronically filed the foregoing Motion for Reconsideration with the Clerk of the Court for the Southern District of Illinois using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

ATTORNEYS FOR DEFENDANTS, KIM HUGO, STEVEN MEEKS, GAIL WALLS and ERIN MEARS-ATTIG:
Rachel Schwarzlose
Carla Tolbert
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8743
rschwarzlose@atg.state.il.us
ctolbert@atg.state.il.us


ATTORNEYS FOR PLAINTIFF
Sarah C. Grady, Esq.
Arthur R. Loevy
John T. Hazinski
Jonathan I. Loevy
Michael I. Kanovitz
Stephen H. Weil
Loevy & Loevy
311 North Aberdeen Street, Third Floor
Chicago, IL 60607
(312) 243-5900
sarah@loevy.com
arthur@loevy.com
hazinski@loevy.com
jon@loevy.com
mike@loevy.com
weil@loevy.com

                                                    /s/ Ryan C. Wallis

9570681 RWALLIS;RWALLIS