IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Victoria Green**, as Administrator for the Estate of Craigory Green, <br><br> Plaintiff, <br><br> v. <br><br> **Steve Meeks, et al.,** <br><br> Defendants. | No. 20 C 463 <br><br> Hon. Nancy J. Rosentengel District Judge <br><br><br> Jury Trial Demanded |

# Exhibit B

## Case: Miller v. Hodge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA MILLER, on behalf of the Estate of DECARLO PRIMM, <br>              *Plaintiff,* <br> vs. <br> MARC HODGE, et. al., <br>              *Defendants.* | MINUTES OF COURT AND MINUTE ORDER <br><br> Case No.   14-1071-SMY-PMF <br><br> DATE: May 8, 2015 <br> LOCATION:  Benton |

**PRESENT:  HONORABLE PHILIP M. FRAZIER, U. S. MAGISTRATE JUDGE**

DEPUTY CLERK:  Karen R. Metheney          COURT REPORTER: N/A

COUNSEL FOR PLAINTIFFS:   Ruth Brown, Sarah Grady

COUNSEL FOR DEFENDANTS:   Lisa Cook for IDOC Defendants
                          Timothy Dugan, Bobbie Moon for Wexford Health Sources, Inc.,
                          John Coe, Patricia Potts and Danielle Stuessel
                          Joel Koppenhoefer for Kelly Kaiser and Kelsey Cummins

PROCEEDINGS:  Discovery Dispute Conference (telephonic)

Conference held and the Court hereby ORDERS as follows:

Before the Court were several discovery disputes between the Plaintiff and the Defendants. First, the Plaintiff objects that the privilege log provided by Wexford Health Sources, Inc. ("Wexford") was overly broad. Wexford seeks to assert privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101, among other privileges. However, Plaintiff's Complaint states claims arising out of federal statute and pendent state law claims. The documents currently at issue are relevant to both. Therefore, the Court is not required to apply Illinois state law privilege. *See Mem'l Hosp. for McHenry Cnty. v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981). With the exception of Wexford's claims of attorney client privilege, Plaintiff's objections are sustained. Wexford is ordered to complete a new privilege log. The new privilege log, along with the documents at issue that are not listed on the new privilege log, shall be provided to opposing counsel no later than May 29, 2015.

Second, Defendants object to Plaintiff's Interrogatory No. 14 ("Did any nurse or doctor (including you) act … inconsistently with how a reasonably careful nurse or doctor would have acted…"). The objection is overruled. The Defendants shall provide answers to the interrogatory no later than May 29, 2015.

14-1071-SMY-PMF, Miller v. Hodge, et. al.                    Minutes and Minute Order 5/8/2015

      Third, Defendants object to Plaintiff's Interrogatory No. 15 ("Do you disagree with anything in the Illinois Department of Corrections December 23, 2013 Memorandum and Report…"). The objection is sustained. The Defendants are not required to answer the interrogatory.

      Fourth, Wexford objected to some of the Plaintiff's Requests for Production that sought Wexford policies and procedures manuals. Wexford provided the manuals in part, but refused to provide full copies of the manuals on the basis that the pages withheld were not relevant or likely to lead to admissible evidence. Wexford's objection is overruled. Wexford shall provide full copies of the manuals in question no later than May 29, 2015.

      Notwithstanding the foregoing, Discovery is hereby STAYED in this case. A status conference will be set in the near future to schedule a settlement conference.