IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Victoria Green**, as Administrator for the Estate of Craigory Green,<br><br>        Plaintiff,<br><br>        v.<br><br>**Steve Meeks, et al.,**<br><br>        Defendants. | No. 20-cv-463<br><br>Hon. Stephen P. McGlynn, District Judge |

## PLAINTIFF'S UNOPPOSED MOTION TO CORRECT

Pursuant to Federal Rule of Civil Procedure 60(a), Plaintiff, through her undersigned counsel, respectfully moves the Court to correct an apparent clerical error in the Court's November 15, 2021 Text Order *nunc pro tunc*.

Plaintiff has consulted with counsel for Wexford Health Sources, Inc., which does not oppose this motion.

In support of her motion Plaintiff states:

1.    This case arises from the death of Craigory Green. Mr. Green was incarcerated in the Illinois Department of Corrections. He died of a liver condition. Plaintiff alleges that Mr. Green's death was caused by the deliberate indifference of employees of the IDOC and of Wexford Health Sources, Inc., a private company that has contracted to provide medical services to IDOC inmates.

2.    In filing her complaint (ECF 1), Plaintiff asserted multiple claims against Wexford. These included a *Monell* claim asserting that Wexford has widespread practices of

providing inadequate medical care, Count 1, Count V (state law wrongful death), and Count VI (state law survival).

3. Plaintiff also asserted Count VII against Wexford. Count VII is a *respondeat superior* claim, and it was divided into two parts. First, Count VII asserted *respondeat superior* liability against Wexford pursuant to state law. *See* ECF 1 ¶ 155. Second, Count VII asserted *respondeat superior* liability against Wexford pursuant to 42 U.S.C. § 1983, under federal law. *See id.* ¶ 156. In Paragraph 156 Count VII cites *Shields v. Ill. Department of Corrections*, 746 F.3d 782 (7th Cir. 2014). *Id. Shields* suggested in *dicta* that private corporations should be subjected to *respondeat superior* liability for Section 1983 claims, while acknowledging that under current Seventh Circuit precedent they are not. *Shields*, 746 F.3d at 793-95.

4. On October 29, 2021, Wexford filed a Rule 12(b)(6) motion to dismiss, *in part*. *See* ECF 27. Wexford's motion sought only to dismiss Count VII against it, and it sought to dismiss Count VII only "insofar as it alleges *respondeat superior* under § 1983." ECF 27 at 1. Wexford's motion was directed specifically at Paragraph 156 of Count VII, in which Plaintiff asserted the *respondeat superior* claim under Section 1983. *See* ECF 27 ¶ 2. This was the only relief that Wexford sought in its Rule 12(b)(6) motion, because "Count VII, to the extent it relies on 42 U.S.C. §1983, fails to state a claim upon which relief can be granted and Wexford is entitled to dismissal." *Id.* ¶ 4.

5. As Wexford noted in its Rule 12(b)(6) motion, Plaintiff did not oppose Wexford's motion to dismiss the part of Count VII's *respondeat superior* claim grounded on Section 1983. *See* ECF 27 ¶ 5. That is because, as Wexford noted, Plaintiff acknowledges that this Court is bound by current precedent in this Circuit, which does not permit *respondeat superior* liability under Section 1983, while "Plaintiff intends to reraise the issue before this Court—if the Seventh

Circuit revisits its precedent prior to a final judgment in this case—or before the Seventh Circuit if necessary." *Id.* ¶ 5.

6. In its November 15, 2021 Text Order, the Court granted Wexford's unopposed motion to dismiss. However, instead of granting the relief that Wexford had requested—*i.e.*, a dismissal only of Count VII, and only to the extent Count VII asserted a *respondeat superior* claim under Section 1983—the Text Order additionally ordered that Wexford be terminated as a party in the case entirely. The Court's November 15, 2021 Text Order reads as follows:

> TEXT ORDER entered by Judge Harold A. Baker on 11/15/2021. The Court GRANTS the unopposed motion to dismiss 27 filed by Defendant Wexford Health Sources, Inc. ("Wexford"). **The Court DIRECTS the Clerk of the Court to terminate Wexford as a party in this case**. The Court GRANTS Plaintiff's motion for an extension of time 33 . Plaintiff has up to and including November 15, 2021, to file a response to the motion to dismiss filed by Defendants Carter, Davis, Duprey, Easton, Goin, Joseph, Kincaid, Lemon, Miles, Shults, Thapar, Wachtor, Walker-Henry, and Young. (KE) (Entered: 11/15/2021)

(emphasis added).

7. Because of the routine and unopposed nature of Wexford's partial motion to dismiss, the error in the November 15, 2021 Text Order was not identified until recently. Upon being alerted of the error, Plaintiff promptly prepared and filed this motion.

8. Plaintiff respectfully submits that the Court's order directing the Clerk to terminate Wexford from the case was entered in error. Wexford's motion to dismiss did not seek termination from the case, only the partial dismissal of Count VII, as Plaintiff has described *supra*, and the November 15, 2021 Text Order did not articulate any other reason why Wexford should be terminated. The entry thus appears to be a clerical mistake in the order.

9. Rule 60(a) empowers the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *Bumphus v. UniQue Pers. Consultants*, No. 16-CV-312-SMY-GCS, 2019 WL 8631849,

at *1 (S.D. Ill. Aug. 9, 2019), aff'd, 805 F. App'x 427 (7th Cir. 2020). Given the nature of the November 15, 2021 Text Order, it appears that the Court intended to grant Wexford's unopposed motion, which was only to dismiss Count VII in part, but through a clerical error effectuating that intention, the Text Order itself directed the Clerk to terminate Wexford from the case entirely—relief that Wexford's motion did not seek and the Court does not appear to have intended. As such, relief under Rule 60(a) is appropriate. *See Carr v. Tillery*, No. 07-314-DRH, 2010 WL 2132195, at *3 (S.D. Ill. May 17, 2010) ("[A] motion under Rule 60(a) is appropriate to effect the result intended by a court at the time an order was entered" but that were not effectuated because of oversight or clerical error). Plaintiff therefore respectfully submits that the error in the November 15, 2021 Text Order should be corrected pursuant to Rule 60(a).[1]

10. Plaintiff submits that the apparent clerical error in the November 15, 2021 Text Order can be corrected with an order reinstating Wexford to the case *nunc pro tunc*.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order correcting the Court's November 15, 2021 Text Order and reinstating Wexford to this case *nunc pro tunc*.

Dated: May 10, 2022                    Respectfully submitted,

                                        /s/ Stephen H. Weil
                                       *Attorney for Plaintiff Victoria Green*

Sarah Grady
Steve Weil - weil@loevy.com
Loevy & Loevy
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900

---

[1] If Plaintiff is incorrect and the portion of the November 15, 2021 Text Order terminating Wexford from the case was not a clerical error but rather "accurately reflected the intentions of the Court at that time," *Carr*, 2010 WL 2132195, at *3, Plaintiff respectfully requests leave to seek further relief pursuant to Rule 60(b).

4