# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Victoria Green**, as Administrator for the Estate of Craigory Green, | No. 19 C 7089 |
| Plaintiff, | Hon. Thomas M. Durkin, District Judge |
| v. | Hon. Susan E. Cox, Magistrate Judge |
| **Steve Meeks et al.**, | **Plaintiff's First Set of Requests for Production to All Defendants** |
| Defendants. | |

Plaintiff Victoria Green propounds the following Requests for Production under Federal Rule of Civil Procedure 34 upon Defendants Steve Meeks, Kim Hugo, Mohammed Siddiqui, Gail Walls, John Shepherd, Michael Moldenhauer, Vipin Shah, Erin Mears-Attig, Rashida Pollion, Mary Zimmer, Barbara Winter, and Wexford Health Sources, Inc., to be answered by each within thirty days after service hereof.

### Definitions

1. "**Plaintiff**" or "**Victoria Green**" refers to Plaintiff Victoria Green, as well has her counsel and any of her representatives, agents, or other Persons acting on her behalf.

2. "**Individual Defendant(s)**" refers to Defendants Steve Meeks, Kim Hugo, Mohammed Siddiqui, Gail Walls, John Shepherd, Vipin Shah, Erin Mears-Attig, Rashida Pollion, Mary Zimmer, Barbara Winter, and any Defendants named in their individual capacity who are named in amended versions of Plaintiff's Second Amended Complaint, as well as their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on their behalf.

3. "**Defendant**," "**you**," and "**your**" refer to any of the defendants, as well as their counsel and any of their present or former divisions, subsidiaries, officers, directors, affiliates, employees, consultants, contractors, experts, investigators, representatives, agents, or other Persons acting on their behalf.

4. "**Wexford**" refers to Wexford Health Sources, Inc., as well as its counsel and any of its present or former divisions, subsidiaries, officers, directors, affiliates, employees, consultants, contractors, experts, investigators, representatives, agents, or other Persons acting on its behalf.

5. "**The IDOC**" refers to the Illinois Department of Corrections, as well as its counsel and any of its present or former divisions, subsidiaries, officers, directors, affiliates, employees, consultants, contractors, experts, investigators, representatives, agents, or other Persons acting on its behalf.

6. "**Document**" has the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored, or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Documents with marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate Document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

7. "**Person**" refers to any individual, corporation, partnership, organization, or other legal entity.

8. "**Plaintiff's Complaint**" refers to Plaintiff's Second Amended Complaint, which was filed in *Green v. Meeks, et al.*, No. 19 C 7089 (N.D. Ill.), on January 27, 2020 (dkt. no. 39), or any amended version of that document filed after these instructions are served.

9. "**Complaint**" refers to any complaint or criticism relating to the job performance of any Defendant (including any Defendant's counsel, employee,

representative, agent, contractor, expert, consultant, or other Person acting on the Defendant's behalf), regardless of the disposition of any resulting inquiry or investigation. This includes but is not limited to any personnel or disciplinary matters; any formal, informal, written, or unwritten grievances; and any legal proceedings.

10. "**Identify**" with respect to a Person means to provide that Person's name, address, and telephone number. With respect to a Document, "Identify" means to provide the date, author, and subject matter of the Document, and, where applicable, all the Document's recipients. With respect to a Communication, "Identify" means to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

11. "**Relate**," "**relating to**," and "**regarding**" means directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

12. "**Communication**" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means. Communication includes but is not limited to letters, memorandums, emails, notes, audio recordings, video recordings, SMS or text messages, Tweets, and other exchanges on social media such as Facebook, Twitter, Instagram, Snapchat, and LinkedIn.

13. "**And**" and "**or**" mean "and/or" such that the terms are given their broadest possible meaning. In construing a request, the singular includes the plural and the plural shall include the singular. The use of a masculine, feminine, or neuter pronoun does not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, so long as the clear meaning is not destroyed by the change.

### Instructions

1. Please identify the request to which each document produced is responsive.

2. Please mark all documents produced with an identifying number (i.e., a Bates stamp number).

3. Produce Documents that are stored electronically in their native format regardless of their form, kind, or location.

4. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and later versions of that Document.

5. If there are no documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

6. If any Documents responsive to Plaintiff's discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possess, custody, or control of those Documents.

7. If you believe any part of any request herein is objectionable, or if you are unable to produce Documents responsive to a request, please state with specificity the basis for your objections or inability to produce responsive Documents.

8. If any Document responsive to any request herein has been previously produced in this litigation, please state the Bates stamp number of the Document previously produced or otherwise identify each such Document by description.

9. In the event that any Document requested or identified has been destroyed or lost, please Identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the Persons who last observed the Document before its destruction or loss, and the reason for its destruction or the circumstances of its loss.

10. Unless otherwise stated, the relevant time period for Plaintiff's discovery requests shall be the period beginning on January 1, 2011 through the present.

11. In the event that you claim a privilege regarding any of the information sought in Plaintiff's discovery requests, please state the privilege claimed and provide sufficient information in a privilege log so that the claim of privilege may be evaluated and adjudicated. Specifically, please identify any and all Documents that you withheld based on the privilege asserted, including the number of pages in each Document withheld, the type of each Document withheld, and the date(s) of each Document withheld.

12. If you have withheld one or more Documents that are responsive to any part of any one of Plaintiff's Requests for Production, state that you are refusing to disclose responsive Documents and identify every objection on which you base your refusal to provide the Documents.

### Requests for Production

1. All Documents and Communications relating to any party's claims or defenses in this case.

2. All Documents, including Communications, that relate to, support, or rebut any of the Interrogatories and/or Requests to Admit propounded upon you or any other Defendant in this matter, as well as any Defendant's responses, including yours.

3. Craigory Green's full and complete inmate file or Master File.

4. All Documents and Communications relating to any investigation into Craigory Green's death, including but not limited to:

- findings made pursuant to any investigation;
- witness statements;
- death summaries;
- death reports;
- autopsies;
- peer reviews;
- collegial reviews;
- continuous quality improvement analysis;
- reports of conduct undertaken pursuant to any investigation;
- Communications made pursuant to any investigation; and

- any action undertaken or recommendation made based on any investigation.

5. All Documents contained in Craigory Green's medical records, including but not limited to:

- intake evaluation records or any other records of medical evaluations;
- prescription orders;
- medication administration records;
- progress notes or any other records documenting medical evaluation or treatment;
- records of testing;
- results of any testing;
- laboratory reports;
- requests for approval to refer Craigory Green for treatment by a third-party healthcare provider, including Communications containing or pertaining to any such requests;
- notes and/or records contained in Wexford's "UM" or utilization management system;
- approval or denial of a referral for Craigory Green for treatment by a third-party healthcare provider, including any Communications containing or pertaining to any such approvals or denials; and
- any Communications made to any third-party healthcare provider.

6. All electronic mail sent to or received by any Defendant or any other employee of the IDOC or Wexford relating to Craigory Green.

7. All Documents relating to Complaints (including grievances) made by or on behalf of Craigory Green, and the disposition of any Complaints (including any responses).

8. All Documents relating to requests for medical evaluation or treatment made by or on behalf of Craigory Green, and the disposition of any requests (including any responses).

9. All demonstrative aids or exhibits which may be used at trial. Please note your continuing obligation to supplement this request under Rule 26(e).

10. The complete personnel file, employee file, and contractor file for each of the Individual Defendants, including but not limited to employment applications, resumes, job requirements and qualifications, employment records, employment evaluations, performance evaluations, performance appraisal, peer reviews, collegial reviews, training histories, records of training received, disciplinary records, Complaints, and any other documents relating to their employment.

11. All insurance policies, contracts, or indemnification agreements that could or might provide coverage to any of the Defendants for any of the allegations in Plaintiff's Complaint.

12. All Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies or practices of Wexford or the IDOC at any time during any of the events or circumstances described in Plaintiff's complaint.

13. All Documents relating to Complaints by prisoners alleging denial of either hepatic procedures and/or organ transplant procedures by the IDOC and/or Wexford.

14. All Documents or Communications relating to the policies or practices of Wexford and/or the IDOC with respect to organ transplant procedures for prisoners, including policies or practices for payment by Defendants for such procedures at outside medical facilities.

15. All Documents relating to the deaths of any prisoner who died after the IDOC or Wexford declined, refused, or delayed the provision of organ transplant procedures to that prisoner.

16. All Documents containing, constituting, or memorializing Communications of any kind relating to Craigory Green or the allegations and events described in Plaintiff's Complaint.

Respectfully submitted,

Dated: February 10, 2020

/s/ John Hazinski
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

    I, John Hazinski, an attorney, certify that I caused the foregoing document to be served upon all parties of record by electronic mail and U.S. Mail on February 10, 2020.

                                                  /s/ John Hazinski
                                                  *Attorney for the Plaintiff*