# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Victoria Green**, as Administrator for the Estate of Craigory Green, | No. 20 C 463 |
| Plaintiff, | Hon. Nancy J. Rosenstengel, District Judge |
| v. | |
| **Steve Meeks et al.,** | **Plaintiff's Second Set of Requests for Production to All Defendants** |
| Defendants. | |

Plaintiff Victoria Green propounds the following Requests for Production under Federal Rule of Civil Procedure 34 upon Defendants Steve Meeks, Mohammed Siddiqui, Gail Walls, John Shepherd, Michael Moldenhauer, Vipin Shah, Erin Mears-Attig, Rashida Pollion, Mary Zimmer, Barbara Winter, and Wexford Health Sources, Inc., to be answered by each within thirty days after service hereof.

### Definitions & Instructions

Plaintiff hereby incorporates the definitions and instructions provided in her First Set of Requests for Production to All Defendants.

### Requests for Production

17. All Documents identified or referenced in your initial disclosures under Rule 26(a) and any amendments or supplements thereto.

18. All Documents obtained from third parties regarding Craigory Green, witnesses involved in this litigation, and/or the allegations in Plaintiff's Complaint (via subpoena or otherwise).

19. All Documents relating to any and all criminal convictions of any Person identified by any of the parties under Rule 26 or identified by any party in response to interrogatories. Please note your continuing obligation to supplement this request pursuant to Rule 26€, which remains ongoing as discovery progresses, and be advised that Plaintiff intends to move in limine to

1

bar any references to convictions for which the Defendants have not provided Documents in their possession, custody, or control responsive to this request.

20. Documents sufficient to show the identities of all individuals (including doctors, nurses, certified nursing assistants, and others) who evaluated, provided medical care to, or administered medication to Craigory Green at any point between January 1, 2011 and October 28, 2018.

21. All Documents reflecting the job descriptions, duties, and responsibilities of the positions held by each of the Individual Defendants from January 1, 2011 through the present. If one or more of the Individual Defendants were not employed by either Wexford or the IDOC continuously throughout the period of January 1, 2011, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions they held from their date(s) of hiring through last date(s) of their employment with Wexford or the IDOC.

22. All employment contracts or agreements between the Individual Defendants and Wexford, the IDOC, or any other entities whose contracts provided the Individual Defendants the access to, authority to provide, and/or responsibility for the medical care, evaluation, or monitoring of individual in custody at Menard Correctional Center.

23. All employment contracts or agreements between the IDOC and the following Defendants:

    a. Steve Meeks;

    b. Gail Walls; and

    c. Erin Mears-Attig.

24. All agreements or contracts between Wexford and the IDOC in effect from January 1, 2011 through the present.

25. All Documents relating to the medical credentials and qualifications of each of the Individual Defendants. This request includes but is not limited to proof of licensing, certification, and/or registration; all Communications to and from state-licensing, certifying, and/or disciplinary bodies; resumes or curriculum vitae; and all training records.

26. The complete personnel file of each of the Individual Defendants. This request includes but is not limited to all Documents relating to any Individual Defendant's hiring, promotion, demotion, pay raise, pay cut, bonus, employee review, duties, disciplinary review, commendation, reprimand, censure, termination, or resignation in the course of their employment with Wexford, the IDOC, or any other contracting entity, including Communications by Defendants or their agents responsive to this request.

27. All Documents relating to all arrests, detentions, prosecutions, and criminal history of any Individual Defendant, including but not limited to arrest reports, offense reports, criminal complaints, certified convictions, or sentencing documents.

28. All Documents relating to any internal investigation undertaken by the Defendants, the IDOC, any other state agency (including investigations by any employee or agent of the Defendants, the IDOC, or any other state agency) in connection with the allegations in Plaintiff's Complaint, including any and all attachments and any investigator notes.

29. All Documents relating to any Complaint of any Person alleging any kind of misconduct committed by any Individual Defendant within the scope of his or her employment.

30. All Documents relating to training given to and/or given by each of the Individual Defendants pertaining to providing prisoners access to medical care, responding to prisoners' requests for medical care, evaluating prisoners' health Complaints, providing medical treatment to prisoners, providing medication to prisoners, and/or referring prisoners for treatment or evaluation by an outside healthcare provider. This request includes any training manuals, employment manuals, employee handbooks, procedural guides, or similar Documents provided to any of the Individual Defendants.

31. All Documents relating to all Complaints since January 1, 2011 by any Person concerning:

  a. Inadequate medical care or denial of medical care at Menard Correctional Center;

  b. A refusal or failure to arrange for evaluation or treatment of a Menard prisoner by an outside healthcare provider;

  c. A refusal or failure to diagnose a serious medical condition of a Menard prisoner;

  d. A refusal or failure to provide or facilitate evaluation for transplant procedures for a Menard prisoner;

  e. A refusal or failure to coordinate the medical care of a Menard prisoner, including but not limited to the refusal or failure to obtain or review the prisoner's medical records.

32. All Documents relating to deaths by prisoners from liver disease in facilities where Wexford is contractually responsible for providing medical care between January 1, 2010 and the present. This request includes but is not limited to medical records, death investigations, death certificates and autopsies,

3

Correspondence about any such death, and Documents reflecting meetings regarding any such death.

33. All Documents relating to deaths of Menard prisoners between January 1, 2010 and the present, excluding deaths caused by homicide.

34. All Documents containing, memorializing, or pertaining to requests by Wexford or any of its employees or agents for evaluation, consultation, or treatment of prisoners for organ transplant procedures by an outside healthcare provider. This requests includes but is not limited to referral requests, requests for consultation, reports of consultation, collegial review, authorization comments, pre-certification notifications, non-approval/approval forms, launch reports, certifications of service, daily activity reports, and all other utilization management documentation. This request covers January 1, 2011 to October 28, 2018.

35. All Documents relating to budgets (including but not limited to all targets, goals, or expectations for costs or revenues) created, developed, or imposed by Wexford or the IDOC (or their employees or agents) between January 1, 2011 and January 1, 2019, regarding the provision of medical care to individuals in IDOC custody and/or Menard. This request includes but is not limited to all such budgets, periodic (e.g., weekly, monthly, quarterly, or annual) budget reports, "wrap reports," "quarterly reconciliation reports," "pharmacy reports," Communications regarding all such budgets, and Documents reflecting meetings regarding the creation of, discussion about, or enforcement of all such budgets.

36. All Documents related to the gross revenues realized, costs incurred, and net revenues or profits realized by Wexford from its contracts for medical care at local, state, and federal jails and prisons, as well as the profits made by it from its contracts with the IDOC/State of Illinois between January 1, 2011 and the present.

37. All Documents, including but not limited to manuals, protocols, procedural guides, rules, policies, practices, guidelines, and training materials, in effect during the period of January 1, 2011 to the present (including any changes to any of the above-mentioned materials) regarding the following subjects:

    a.  Access to medical evaluation or treatment by prisoners;

    b.  Provision of medical care to prisoners;

    c.  Provision of medication to prisoners;

    d.  Diagnosis and treatment of liver disease, including liver diseases in general and primary sclerosing cholangitis in particular;

e.  Monitoring and care of prisoners at risk of organ failure;

f.  Transfer of prisoners to offsite medical evaluation or treatment, including payment by Defendants or the IDOC for treatment at outside medical facilities;

g.  Communications among and between medical staff regarding a prisoner's health, including Communications regarding any Complaints;

h.  Requests by prisoners for medical attention, evaluation, or treatment;

i.  Documentation of encounters with, medical evaluations of, medical treatment for, and requests for medical treatment by prisoners;

j.  Collection and/or review of medical records from other correctional institutions;

k.  Healthcare staffing levels at Menard;

l.  Differential diagnosis;

m.  Treatment protocols; and

n.  Quality improvement programs.

38. Complete and unredacted copies of the following Wexford or IDOC Documents:

a.  Medical policies and procedures;

b.  Operations policies and procedures;

c.  Utilization management policies and procedures;

d.  Provider handbook;

e.  Nursing and/or CMT protocols;

f.  Quality management program documents; and

g.  Orientation program documents.

Please provide current copies of each of the above-described Documents, as well as copies of these Documents that were in effect at any point between January 1, 2011 through the present.

39. All Documents reflecting payments to any medical provider relating to Craigory Green's liver disease.

40. All audio or visual materials, including Documents memorializing the same, depicting or relating to any of the allegations in Plaintiff's Complaint. This request includes but is not limited to photographs, video recordings, audio

recordings, radio recordings, transmissions, and recordings of emergency or
non-emergency phone calls.

41. All physical evidence relating to any of the allegations in Plaintiff's
Complaint or any of Defendants' affirmative defenses.

42. Any and all demonstrative aids or exhibits which may be used at trial.
Please note your continuing obligation to supplement this request pursuant to
Rule 26(e).

43. All Documents relating to any Rule 26 expert witnesses retained by
Defendants in this matter, including but not limited to:

    a.  All Communications to and from said expert(s);

    b.  All Documents provided to and/or relied upon by said expert(s);

    c.  All notes, reports, and analyses by said expert(s), including any
       handwritten markings on any materials provided to the expert(s);

    d.  All bills or statements of the hours and compensation paid to or billed
       by the expert(s) for work on this matter; and

    e.  Any transcripts of prior testimony or Rule 26 reports of said expert(s).

Please note your continuing obligation to supplement this request pursuant to
Federal Rule of Civil Procedure 26(e).

44. All Documents in your possession, custody, or control that would support
or rebut a contention by any of the Defendants that an award of punitive
damages would cause a financial hardship to that Defendant.

45. All Documents relating to your net worth, including the following:

    a.  All Documents relating to any assets in your possession with a value
       in excess of $2,500;

    b.  Copies of all monthly statements for the period of January 2013
       through the present for all bank accounts, retirement accounts, stocks,
       bonds, mutual funds, and/or securities in which you have any
       ownership interest;

    c.  Copies of any insurance policies in which you are either the beneficiary
       or have any other ownership interest;

    d.  A copy of the deed to your residence. If you do not own your home,
       please produce a copy of a current lease;

    e.  A copy of the title to your automobile(s), as well as a copy of all
       documentation relating to financing, ownership, and any equity you
       may have in your automobile(s);

    f.   All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

    g.   A copy of your last four pay stubs relating to any employment in which you are engaged;

    h.   All Documents relating to any mortgage applications signed by you in the past three years; and

    i.   Copies of your last five state and federal income tax returns.

46. All Documents sufficient to identify any policymaker what was responsible for or had final policymaking authority over any policy, procedure, or practice identified in Plaintiff's Request for Production No. 34 above.

47. All Documents relating to any effort of the policymakers identified by Plaintiff's Request for Production No. 43 to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any policy, procedure, or practice on any of the subjects identified in Plaintiff's Request for Production No. 34 above.

48. All Documents relating to the supervision, discipline, evaluations, and oversight of medical staff or healthcare employees at Menard. This request includes but is not limited to Documents regarding the chain of command at Menard, and policies, rules, regulations, or similar Documents governing supervision, oversight, and discipline of medical staff or healthcare employees at Menard.

49. All Documents relating to the administration and assessment of the healthcare services provided at Menard from January 1, 2011 through October 28, 2018. This request includes but is not limited to all Documents relating to:

    a.   Complete and unredacted contracts for services, requests for bids, and any bids submitted by other healthcare providers;

    b.   Contract compliance monitoring or audits, all healthcare contract performance summary reports, primary medical service reports, and flash reports;

    c.   Quality assurance or continuous quality improvement processes, including continuous quality improvement reports for the above-mentioned facility, governing body continuous quality improvement reports, as well as all studies, audits, presentations, reviews of grievances, notes, and other attachments to such Documents;

    d.   External and internal audits of healthcare services at Menard (or the IDOC as a whole), including audits of treatment protocols and performance-based audit reports;

    e.   Accreditation evaluations or mock evaluations; and

    f.   Meetings and minutes of meetings regarding healthcare at Menard (or the IDOC as a whole) attended by Wexford or the IDOC; and

    g.   Communications relating to parts (a)-(f) above.

50. All Documents relating to any lawsuit or Complaint to which any Defendant has ever been a party. This request is limited to the last ten years.

51. All Documents relating to the organization of Wexford as a corporate entity, including but not limited to all organizational charts, incorporation Documents, statements of organization, and state registration Documents.

52. Documents sufficient to show the staffing levels at Menard, including the staffing levels for each role of the medical staff (e.g., physicians, physician assistants, nurses, etc.) between January 1, 2011 and October 28, 2018

Respectfully submitted,

Dated: September 23, 2020

/s/ John Hazinski
*Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I, John Hazinski, an attorney, certify that I caused the foregoing document to be served upon all parties of record by electronic mail on September 23, 2020.

/s/ John Hazinski
*Attorney for the Plaintiff*