# EXHIBIT 3

046166/19344/MHW/JJL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| VICTORIA GREEN, as Administrator of the Estate of CRAIGORY GREEN,<br><br>Plaintiff,<br><br>v.<br><br>STEVE MEEKS; KIM HUGO; MOHAMMED SIDDIQUI; GAIL WALLS; JOHN SHEPHERD; MICHAEL MOLDENHAUER; VIPIN SHAH; ERIN MEARS-ATTIG; RASHIDA POLLION; MARY ZIMMER; B. WHITE; WEXFORD HEALTH SOURCES, INC.; and UNKNOWN WEXFORD DOCTOR,<br><br>Defendants. | Case Number  3:20-cv-00463-SPM<br><br>District Judge Stephen P. McGlynn |

### DEFENDANT'S DESIGNATION OF WITNESSES AND OBJECTIONS TO PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION

COMES NOW Defendant, WEXFORD HEALTH SOURCES, INC., by and through its attorneys, CASSIDAY SCHADE LLP, and for its Defendant's Designation of Witnesses and Objections to Plaintiff's Notice of Rule 30(b)(6) Deposition, Designates and Objects as follows:

1. Wexford's contracts with the State of Illinois or any department thereof pursuant to which Wexford provides or oversees health care services within the IDOC. This includes the negotiation of each contract, the reasons for entering that contract, the terms of that contract, and Wexford's interpretation of that contract.

**RESPONSE:** Wexford designates **Nick Little**, Vice President, Strategic Contracting and Compliance, Wexford Health Sources, Inc., to testify on this topic.

2.  Wexford's policies, practices, customs, rules, regulations, and systems related to the maintenance of medical records for prisoners within the IDOC. This request includes, among other things, policies, practices, customs, rules, regulations, and systems related to the collection of medical records from offsite facilities reflecting treatment provided both before and during a patient's incarceration, and ensuring the availability of those records (or communications regarding the contents of those records) to medical staff (including providers) who are responsible for a patient's treatment within the IDOC facility. Please note that to the extent the policies, practices, customs, rules, regulations, and systems are facility-specific, this topic should include both Menard and Stateville NRC.

> **RESPONSE:** Defendant objects to this topic to the extent that, "among other things," fails to reasonably identify what Plaintiff wants, and therefore cannot be said to specify topics with "reasonably particularity," where Plaintiff has also provided a list of specific topics the, "request includes." Because of the vague description these possible topics, Wexford is thereby inhibited in its ability to prepare sufficiently for a deposition of topics broadly included but not specifically stated. *See, e.g., Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000). Subject to, and without waiving said objection, Defendant designates **Dr. Rod Matticks**, Regional Medical Director, Wexford Health Sources, Inc., but reserves the right to object to specific areas of questioning where the witness did not have sufficient notice of the subject matter to be able to prepare, and object to being bound by Dr. Matticks's testimony regarding the same.

3.  Wexford's policies, practices, customs, rules, regulations, and systems related to patients within the IDOC for whom organ transplantation is either necessary or medically appropriate. This request includes, among other things, policies, practices, customs, rules,

regulations, and systems related to Communications with IDOC and its staff regarding the need for organ transplantation, the role (if any) that Wexford or its employees/agents play in determining the necessity or medical propriety of organ transplantation, the role (if any) that Wexford or its employees/agents play in identifying medical providers willing and/or able to perform organ transplantation, the financial responsibilities related to all such treatment, evaluations, and other relevant actions, and the role that other decisionmakers play in the organ transplantation process.

> **RESPONSE:** Defendant objects to this topic to the extent that, "among other things," fails to reasonably identify what Plaintiff wants, and therefore cannot be said to specify topics with "reasonably particularity," where Plaintiff has also provided a list of specific topics the, "request includes." Because of the vague description of these possible topics, Wexford is thereby inhibited in its ability to prepare sufficiently for a deposition of topics broadly included, but not specifically stated. *See, e.g., Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000). Subject to, and without waiving said objection, Defendant designates **Dr. Rod Matticks**, Regional Medical Director, Wexford Health Sources, Inc., but reserves the right to object to specific areas of questioning where the witness did not have sufficient notice of the subject matter to be able to prepare, and object to being bound by Dr. Matticks's testimony regarding the same.

4.   Wexford's policies, practices, customs, rules, regulations, and systems related to continuity of care, including but not limited to:

- Review of and response to laboratory results;
- Medical history reported by a patient reflecting care received or required prior to incarceration;

3

- Records reflecting encounters with and tests of a patient from another IDOC facility, including a reception center; and

- Actions taken after a patient has returned following the provision of offsite evaluation or treatment.

Please note that to the extent the policies, practices, customs, rules, regulations, and systems are facility-specific, this topic should include Menard, Stateville NRC, and Stateville.

> **RESPONSE:** Defendant objects to this topic to the extent that, "but not limited to," fails to reasonably identify what Plaintiff wants, and therefore cannot be said to specify topics with "reasonably particularity," where Plaintiff has also provided a list of specific topics the, request includes. Because of the vague description of these possible topics, Wexford is thereby inhibited in its ability to prepare sufficiently for a deposition of topics broadly included, but not specifically stated. *See, e.g., Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000). Subject to, and without waiving said objection, Defendant designates **Dr. Rod Matticks**, Regional Medical Director, Wexford Health Sources, Inc., but reserves the right to object to specific areas of questioning where the witness did not have sufficient notice of the subject matter to be able to prepare, and object to being bound by Dr. Matticks's testimony regarding the same.

5. Wexford's policies, practices, customs, rules, regulations, and systems related to oversight, supervision, and discipline of physicians and other providers working for Wexford within the IDOC.

> **RESPONSE:** Defendant objects to this topic to the extent that, "related to," "oversight," "supervision," and "discipline," fail to reasonably identify what Plaintiff wants, and

4

therefore cannot be said to specify topics with "reasonably particularity." Because of the general and vague description of these possible topics, Wexford is thereby inhibited in its ability to prepare sufficiently for a deposition of topics. *See, e.g., Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000). Subject to, and without waiving said objection, Defendant designates **Dr. Rod Matticks**, Regional Medical Director, Wexford Health Sources, Inc., but reserves the right to object to specific areas of questioning where the witness did not have sufficient notice of the subject matter to be able to prepare, and object to being bound by Dr. Matticks's testimony regarding the same.

6.   Wexford's policies, practices, customs, rules, regulations, and systems related to continuous quality improvement, audits, or other inquiries into the quality of care (or compliance with the contract) by Wexford and its employees/agents.

**RESPONSE:** Defendants objects to this topic to the extent that questioning about inquiries into the quality of care could encompass information protected from disclosure by peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101. Subject to, and without waiving said objection, Defendant designates **Dr. Rod Matticks**, Regional Medical Director, Wexford Health Sources, Inc., but reserves the right to object to specific areas of questioning where Illinois Medical Studies Act privileges may apply, and object to being bound by Dr. Matticks's testimony regarding the same.

7.   Wexford's policies, practices, customs, rules, regulations, and systems related to utilization management (UM) and the records created and maintained pursuant to the UM process (including the types of records like those produced by Wexford at WEX093009-

5

093547). This request includes, among other things, what documents are utilized as part of the UM process and where and how they are transmitted amongst Wexford employees/agents, and what Communications occur as part of the UM process and when.

> **RESPONSE:** Defendant objects to this topic to the extent that, "among other things," fails to reasonably identify what Plaintiff wants, and therefore cannot be said to specify topics with "reasonably particularity," where Plaintiff has also provided a list of specific topics the, "request includes." Because of the vague description of these possible topics, Wexford is thereby inhibited in its ability to prepare sufficiently for a deposition of topics broadly included, but not specifically stated. *See, e.g., Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000). Subject to, and without waiving said objection, Defendant designates **Dr. Rod Matticks**, Regional Medical Director, Wexford Health Sources, Inc., but reserves the right to object to specific areas of questioning where the witness did not have sufficient notice of the subject matter to be able to prepare, and object to being bound by Dr. Matticks's testimony regarding the same.

8. The actions (if any) that Wexford and/or its employees/agents took in response to the opinions and concerns set forth in the 2014 Lippert Report, produced at P006114-006518 pertaining to Menard and the IDOC systemwide. Please note this request specifically seeks testimony about the actions (if any) that Wexford and/or its employees/agents took in response to the statements set forth at P006115-006151, P006155-006159, P006442-006469, and P006477-006484.

> **RESPONSE:** Defendant objects to this topic as actions taken in "response to the opinions and concerns set forth in the 2014 Lippert Report," fails to reasonably identify

6

what Plaintiff wants, and therefore cannot be said to specify topics with "reasonably particularity." *See, e.g., Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000). Because of the vague description of these possible topics, and the vast universe of persons who could testify about the unspecified "opinions and concerns," raised across the 70 pages of the 2014 Lippert Report cited here by Plaintiff, Wexford is thereby inhibited in its ability to prepare sufficiently for a deposition. Defendant further objects that the identification and preparation of numerous witnesses for such an undefined breadth of topics is unduly burdensome and would outweigh the minimal benefit their potential depositions may have.

9. The person(s) with final policymaker authority over the policies, practices, customs, rules, regulations, and/or systems related to Topics 1-8, above. To the extent that anyone or any entity with final policymaking authority has delegated such authority, please identify that delegee or those delegees and produce those individual(s) pursuant to this Notice.

**RESPONSE:** Defendant designates **Dr. Rod Matticks**, Regional Medical Director, Wexford Health Sources, Inc., subject to the objections made in Topics 1-8, as someone with knowledge of who has final policymaker authority over the policies, practices, customs, rules, regulations, and/or systems related to Topics 1-8. Defendant reserves the right to object to specific areas of questioning where the witness did not have sufficient notice of the subject matter to be able to prepare, and object to being bound by Dr. Matticks's testimony regarding the same.

10. Training provided to Wexford's employees and/or agents regarding Topics 1-8, above.

7

**RESPONSE:** Defendant designates **Dr. Rod Matticks**, Regional Medical Director, Wexford Health Sources, Inc., subject to the objections made in Topics 1-8. Defendant reserves the right to object to specific areas of questioning where the witness did not have sufficient notice of the subject matter to be able to prepare, and object to being bound by Dr. Matticks's testimony regarding the same.

11. Subject to applicable privileges, the preparation of Wexford's Rule 30(b)(6) designee(s). This includes the documents they reviewed to prepare, the people they prepared with, the people they were prepared by, and the amount of time they spent preparing.

**RESPONSE:** Subject to applicable privileges, the individuals designated herein can testify to their own preparation.

12. The contents of the handwriting and the Identity of the Persons whose handwriting and/or signatures appear within P000023-32, P000041-43, P000045-47, P000054, P000061, P000064-67, P000071-72, P000076-77, P000081-87, P000089, P000092-103, P000108-10, P0000112-14, P000117-32, P000134-40, P000146-56, P000372, and P000578-93.

**RESPONSE:** Defendant will respond separately regarding this topic, which response may consist of an identification of the individuals whose handwriting or signatures appear on the listed documents.

> Respectfully submitted,
>
> CASSIDAY SCHADE LLP
>
> By: /s/ Ryan C. Wallis
> One of the Attorneys for Defendant,
> WEXFORD HEALTH SOURCES, INC.,
> MOHAMMED SIDDIQUI, M.D., VIPIN

8

                                          SHAH, M.D., MICHAEL MOLDENHAUER,
                                          N.P., and MARY JO ZIMMER, N.P.

Ryan C. Wallis
ARDC No. 6288689
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
rwallis@cassiday.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2022, the foregoing was served via email on the following:

ATTORNEYS FOR DEFENDANTS, KIM HUGO, STEVEN MEEKS, GAIL WALLS and ERIN MEARS-ATTIG:
Rachel Schwarzlose
Carla Tolbert
Areda Johnson
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea IL 62226
(618) 236-8743
rachel.schwarzlose@ilag.gov
carla.tolbert@ilag.gov
ajohnson@ilag.gov

ATTORNEYS FOR PLAINTIFF:
Sarah C. Grady, Esq.
Arthur R. Loevy
Jonathan I. Loevy
Michael I. Kanovitz
Stephen H. Weil
Alison Bitterly
Loevy & Loevy
311 North Aberdeen Street, Third Floor
Chicago IL 60607
(312) 243-5900
sarah@loevy.com
arthur@loevy.com
jon@loevy.com
mike@loevy.com
weil@loevy.com

/s/ Ryan C. Wallis

11015670