IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTORIA GREEN, as Administrator of the Estate of Craigory Green,<br><br>    Plaintiff,<br><br>v.<br><br> STEVEN MEEKS, et al.,<br><br>    Defendants. | Case No. 20-cv-00463-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Several motions are pending in this matter. Following briefing, a hearing was held on June 20, 2023 to address the outstanding issues. The Court will address each motion individually.

   I.   **Sealed Motion to Compel Defendants to Produce Documents without Relevance Redactions (Doc. 199)**

On October 7, 2022, plaintiff filed a motion seeking certain documents from the defendants herein. Although the parties did attempt to negotiate and resolve this matter, three types of documents remain at issue, one as to the IDOC defendants, and two as to the Wexford defendants.

1. IDOC: Physician's Performance Report – This is a 50-page document wherein 36 pages were redacted. Plaintiff seeks this information as part of its *Monell* burden and claims there is no support in the Federal Rules of Civil Procedure for redactions for relevance. Additionally, there are protective Orders in place to prevent disclose.  IDOC is ORDERED to produce this document to the Court under seal within 7 days and a ruling will follow.

2. Wexford: Financial Information – Wexford redacted financial information about

ownership, schedule "Es" including the budgeting for particular facilities and the allocation of funding per facility type, and subcontractors. Plaintiff argued that Wexford could designate portions of the documents as confidential or attorney eyes only, but asserted a need for a clean contract to assist with comprehension. Additionally, they should be produced in discovery, but still may not be admissible as evidence. Wexford is ORDERED to produce an unredacted copy of the contract, but to submit the schedules under seal for a determination as to whether they have any probative value or it would reasonable to require Wexford to produce in discovery. Wexford is granted seven days to ask the Court to reconsider this ruling with specific reference to matters that should be redacted. – The Court notes it has received the unredacted Schedule E's.

3. Wexford: Personnel Files – Plaintiff seeks production of personnel file without redactions, other than personal identifiers under Rule 5.2. Wexford conceded this portion and advised they would produce the salary and bonus information.

## II. Motion for Reconsideration re: Order on Motion to Compel (Doc. 215)

On February 1, 2023, this Court entered an Order regarding a previous Motion to Compel that resolved a prior argument regarding privilege and IMSA. Specifically, the Court denied Wexford's argument that the mortality worksheets were privileged under IMSA and ordered production. Wexford has produced the mortality worksheets, but is now asserting that the emails surrounding same are identified on the privilege log as work product. Plaintiff countered that Wexford should not get a second bite of the apple, *i.e.* they had the opportunity to raise and/or argue this privilege earlier, but relied on IMSA and lost.

Wexford is ORDERED to submit the 9 or 10 email threads to the Court for a determination as to whether they are work product, or not. – The Court notes that it has received Items 5 and 9-18 of Wexford's Amended Privilege Log.

### III. Motion to Enforce the Court's February 1, 2023 Order (Doc. 220)

On March 27, 2023, plaintiff filed the instant motion seeking enforcement of the Court's prior Order. This motion concerns three requests for production, numbers 15, 32, and 33, that remain outstanding relating to relevant deaths related to transplant, liver disease, and deaths at Menard, and the related correspondence. The formal death notices have been produced, but they are minimal in just providing a list of names, so plaintiff has requested an additional electronic search. Wexford countered that their production was extensive, plaintiff could get this information from IDOC. Wexford also raised the privacy rights of the prisoners and their estates.

This motion is GRANTED.

### IV. Motion to Withdraw from Production (Doc. 225)

On May 19, 2023, Wexford filed the instant motion seeking to withdraw from production the IDOC Response to the Confidential Draft Report in *Lippert v. Ghosh* previously disclosed and the give the document the "Attorney's Eyes Only" status moving forward. Wexford claims the document was originally produced in a confidential investigation and that it was inadvertently produced and not included in the privilege log. They further argue that it is IDOC's document. In response, plaintiff argued that Wexford was not subject to a protective order and could use and produce the documents in any way.

This Court concurs and holds that there is a strong argument with respect to waiver of privileges as the document has been produced. The Motion is DENIED; however, because another Court has placed this document under seal, there may be some information that should remain sealed. Accordingly, plaintiffs may question and

cross-examine witnesses about the document, but those portions of depositions will be sealed and addressed at a later date with the Court. The Court also advised plaintiff that it could provide the document to its experts, so long as the experts are advised that document is not to be disseminated to others. Any violations may result in stricken testimony.

## V.     Scheduling Order

Finally, due to the ongoing discovery disputes, the parties will not meet the current discovery and dispositive motion deadlines. As requested, the parties submitted two separate proposals regarding a new scheduling Order. The Court has reviewed both proposals and accepts Schedule 2, with the following modifications:

- Fact Discovery Cutoff: September 7, 2023;
- Plaintiff's Rule 26(a)(2) Disclosures: October 2, 2023;
- Defendants' Rule 26(a)(2) Disclosures: October 27, 2023;
- Plaintiff's Rebuttal Rule 26(a)(2) Disclosures: November 17, 2023;
- Expert Discovery/All Discovery Deadline: December 11, 2023; and,
- Dispositive Motion Deadline: January 12,2024.

## CONCLUSION

In summary, the Court GRANTS in part and reserves ruling in part plaintiff's Sealed Motion to Compel Production (Doc. 199). The Court GRANTS plaintiff's Motion to Enforce 2/1/2023 Order (Doc. 220). The Court reserves ruling on Motion for Reconsideration (Doc. 215). The Court DENIES defendant's Motion to Withdraw from Production (Doc. 225). Although not addressed, the following motions are DENIED as Moot because the other matters resolved these issues (Docs. 203, 214, and 216).

**IT IS SO ORDERED.**

**DATED:** <u>June 28, 2023</u>

<u>*s/ Stephen P. McGlynn*</u>
**STEPHEN P. MCGLYNN**
**United States District Judge**
