## -IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTORIA GREEN, *as Administrator of the Estate of Craigory Green*,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN MEEKS, *et al.*,<br><br>    Defendants. | Case No. 20-cv-00463-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On June 20, 2023 a hearing was held in this case and the Court heard argument. Pending before the Court are two motions that were previously taken under advisement so the Court could conduct *in camera* review. For the following reasons, the Court now GRANTS the two outstanding motions.

### LAW

Federal Rule of Civil Procedure 34 provides that "a party may request, among other things, the production of documents that 'constitute or contain matters within the scope of Rule 26(b)' and are in the custody or control of another party." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996) (citing Fed. R. Civ. P. 34(a)). Federal Rule of Civil Procedure 37 further provides that a party seeking discovery may move for an order compelling production against another a party if they have failed to produce documents requested under Federal Rule 34. Fed. R. Civ. P. 37(a)(3)(B).

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case ...." *Mem. Hosp. for McHenry Cty v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981) (citing Fed. R. Civ. P. 26(b)(1)). The term "relevant" for the purposes of discovery is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). District courts have broad discretion to adjudicate discovery disputes and determine the underlying relevancy. *Brown–Bey v. United States*, 720 F.2d 467, 470–71 (7th Cir. 1983); *Eggleston v. Chicago Journeymen Plumbers' Local Union 130*, 657 F.2d 890, 902 (7th Cir. 1981); *Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177, 183 (7th Cir. 1985) (providing that on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).

## DISCUSSION

### I. Sealed Motion to Compel Defendants to Produce Documents without Relevance Redactions (Doc. 199)

On October 7, 2022, plaintiff filed this motion claiming that Wexford and IDOC redacted three types of documents and requested they be compelled to produce said documents without redaction. Since that time, the parties have attempted unsuccessfully to resolve this matter.

With respect to IDOC, plaintiff sought an unredacted Physicians' Performance Report wherein IDOC redacted 36 of 50 pages. With respect to Wexford, plaintiff sought financial information as well as personnel files of the defendants. At the hearing, Wexford conceded to production of the unredacted personnel files, but persisted in arguing against production of the contract between Wexford and IDOC as well as

production of the Schedule E's. Wexford claimed that a competitor could use the information regarding price points and services provided to underbid Wexford in a future bidding war; however, this argument is unavailing as the Court is constrained to note that the Schedule E's are more than 10 years old. Nonetheless, the Court ordered production of the contract unredacted, but advised Wexford to submit the Schedule E's to the Court for *in camera* review.

The Court notes that plaintiff filed as supplemental authority a recent decision by the Honorable Judge David Dugan wherein he considered unilateral redactions made by a party prior to production. *See Jackson v. Wexford Health Sources, Inc., et al.*, 20-cv-900-DWD (S.D. Ill. July 5, 2023). While there is no consensus on how courts address unilateral redactions, this Court concurs with Judge Dugan's analysis and holds that the redactions in this case were unnecessary and inappropriate. Specifically, this Court finds that much of the redacted information is critical to plaintiff's *Monell* claims, which entitles plaintiff to a broad and substantial amount of discovery. Furthermore, the presence of the HIPAA-Qualified Protective Order, as well as "attorney's eyes only" designation, protects the "irrelevant" or sensitive information produced by Wexford and IDOC.

**II.     Motion for Reconsideration re: Order on Motion to Compel (Doc. 215)**

On February 1, 2023, this Court entered an Order granting two motions to compel filed by plaintiff, *i.e.*, Documents 173 and 184 (Doc. 215). In the Order, the Court analyzed the various items that plaintiff sought to recover in conjunction with the privileges asserted by Wexford, including both the Illinois peer-review privilege and the federal work product privilege. Of significance, the Court held: (1) that Wexford failed to

establish that it was covered by IMSA; and, (2) that Wexford failed to satisfy its burden that the work product privilege applies to the documents in question (Id.).

At the hearing on June 20, 2023, Wexford argued in support of its motion for reconsideration. Specifically, Wexford advised that it had produced or was producing the majority of the items determined not privileged by this Court but was requesting the Court reconsider a narrow portion its prior ruling that focused only on internal emails and attachments. Wexford contended that in addition to IMSA, these items were also identified on its Privilege Log as satisfying work-product and attorney-client privilege. Wexford's argument claimed that the work-product and attorney-client privileges were not previously asserted in their opposition to the motion to compel because they were responding to plaintiff's argument that was was focused on IMSA and the Illinois peer review privilege. However, this Court notes that plaintiff did assert the work product/attorney privilege in the both of the underlying motions to compel [1]. Nevertheless, Wexford did not assert the privilege nor counter Wexford's argument on that issue and now attempts to argue its applicability via a motion for reconsideration, but this is not the proper avenue nor the proper time to be asserting this privilege.

Rule 54(b) of the Federal Rules of Civil Procedure permits revision of non-final orders. *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). The Seventh Circuit has summarized the role of motions to reconsider as follows:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis

---

[1] Plaintiff's third argument in one of the motions to compel was set forth as follows: "**C. Wexford's Documents Do Not Constitute Work Product**" (Doc. 173, p. 9). Plaintiff also categorized two of its arguments in another motion to compel as follows: "**5. Wexford's assertion of peer review and "dual use" work-product privileges**" and "***Attorney work-product privilege.***" (Doc. 184, pp. 9 & 11).

>for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).

In other words, "Motions to reconsider 'are not replays of the main event.' " *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). They "serve a limited function: to correct manifest errors of law or fact or to present *newly* discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (emphasis added). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1269–70.

This is not newly discovered evidence. Wexford indicated the privilege on the privilege log, but did not meet its burden in establishing the applicability of the privilege when questioned. Wexford could have, and should have, responded to plaintiff's arguments.

Rule 26(b)(3)(A), which codifies the work-product doctrine, provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The work-product doctrine "protects documents prepared 'in anticipation of litigation for the purpose of analyzing and preparing a client's case.' " *Baxter Int'l, Inc. v. AXA Versicherung*, 320 F.R.D. 158, 163 (N.D. Ill. 2017) (quoting *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010)).

There is no question that Wexford has the burden of establishing the existence of a

privilege. "As with the attorney-client privilege, the party asserting the work product doctrine bears the burden of establishing that the doctrine applies to each document as to which it is asserted." *Pogorzelska v. VanderCook Coll. of Music*, No. 19 C 5683, 2021 WL 2660268, at *3 (N.D. Ill. June 29, 2021) (internal quotations and citation omitted).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's Sealed Motion to Compel Production (Doc. 199) and **DENIES** defendant's Motion for Reconsideration (Doc. 215). All documents that had been submitted for *in camera* review shall be produced to plaintiff within 10 days, or by September 15, 2023.

**IT IS SO ORDERED.**

**DATED: September 5, 2023**

                                            *s/ Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**