IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTORIA GREEN, *as Administrator of the Estate of Craigory Green,*<br><br>Plaintiff,<br><br>v.<br><br>STEVEN MEEKS, *et al.*,<br><br>Defendants. | Case No. 20-cv-00463-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Pending before the Court is Defendants', Wexford Health Sources, Inc., Mohammed Siddiqui, M.D., Vipin Shah, M.D., Michael Moldenhauer, N.P., and Mary Jo Zimmer, N.P. ("Wexford Defendants"), Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C 1292(b) (Doc. 240). Plaintiff Victoria Green filed her response in opposition (Doc. 243). For the following reasons, the motion is **DENIED**.

On February 1, 2023, this Court entered an Order regarding two of Green's Motions to Compel the Wexford Defendants to produce specific documents they had claimed were privileged (Doc. 212). Specifically, the Court held that the peer-review privilege created by the Illinois Medical Studies Act ("IMSA") did not apply in federal civil rights cases (*Id.*). The Court further held that the Wexford Defendants failed to demonstrate that the documents claimed were protected by the work product privilege. (*Id.*).

The Wexford Defendants did not seek to certify an interlocutory appeal from that order but instead asked the Court to reconsider its ruling (Doc. 215). The motion to reconsider did not include a request for a § 1292(b) finding (*Id.*). The Court denied the motion for reconsideration on September 5, 2023 (Doc. 237).

## DISCUSSION

28 U.S.C. § 1292 (b) provides an exception to the general rule that appellate courts may only hear appeals from final decisions of district courts:

> "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order…."

The Seventh Circuit summarized § 1292(b)'s requirements in *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675-76 (7th Cir. 2000):

> There are four statutory criteria for the grant of a section 1292(b) petition …. there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation … [t]here is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed."

Federal law expresses strong policy against piecemeal appeals. *Switzerland Cheese Assoc. v. Horne's Market*, 385 U.S. 23, 24 (1966). Interlocutory appeals are generally "frowned on" in the federal judicial system because of their potential to interrupt and delay litigation. *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012); *see Asher v. Baxter Int'l Inc.,* 505 F.3d 736, 741 (7th Cir.

2007) (cautioning that interlocutory review "must be used sparingly lest [it] increase the time and expense required for litigation").

In this case, the Wexford defendants purportedly seek a certificate of appeal to address whether attorney-client, work product and/or common interest privilege(s) apply, claiming they involve controlling questions of law with substantial ground for difference of opinion (Doc. 241). The Wexford defendants further claim that an immediate appeal will materially advance the ultimate termination of this litigation (*Id.*). However, this Court disagrees.

The Wexford defendants are grossly misstating this Court's Order of February 1, 2023 (Doc. 212). While this Court did determine that Illinois' peer-review privilege under the Illinois Medical Studies Act ("IMSA"), 735 ILCS 5/8-2101, *et seq.*, did not apply to the documents in question, the Court did not determine that attorney-client, work product, and/or common privilege did not apply (*Id.*, p. 7). Instead, the Court held that the Wexford defendants had not met their burden to "establish that the work product privilege applies" (*Id.*, p. 8*).*

As for materially advancing the ultimate termination of this lawsuit, that could not be further from the truth. In fact, just two days after the filing of this motion, the parties jointly sought additional time to complete discovery (Doc. 238). Thus, if anything, an interlocutory appeal would slow down this litigation, as it often does. *See Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 741 (7th Cir. 2007) (cautioning that interlocutory review "must be used sparingly lest [it] increase the time and expense required for litigation"); *Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998) (observing that interlocutory appeals "all too frequently cause unnecessary

delays in lower court proceedings and waste the resources of an already overburdened judicial system" (citations omitted)), *rev'd on other grounds*, 530 U.S. 211 (2000).

As another ground for denial, the Court finds that the Wexford Defendants' motion for a certificate of appealability is not timely. It is clear that the order the Wexford Defendants wish to appeal is not the September 15, 2023 order denying reconsideration but the February 1, 2023 order. "With regard to timeliness, the standard in the Seventh Circuit is that [a section 1292(b) motion] should be filed promptly after the original order unless a good reason for the delay is given. *Weir v. Propst,* 915 F.2d 283, 286 (7th Cir.1990). While there is no explicit time limit provided by the statute for seeking a certificate of appealability, requests filed more than a month or so after the order sought to be appealed are often deemed untimely. *See, e.g., Sterk v. Path, Inc.,* No. 13 CV 2330, 2014 WL 8813657, at *3 (N.D. Ill. Aug. 8, 2014) (delay of two weeks timely); *Abrams v. Van Kampen Funds, Inc.*, No. 01 C 7538, 2002 WL 1989401, at *1 (N.D. Ill. Aug. 27, 2002) (two month delay considered "inexcusably dilatory"); *Morton Coll. Bd. of Trustees of Illinois Cmty. Coll. Dist. No. 527 v. Town of Cicero,* 25 F. Supp. 2d 882, 885 (N.D. Ill. 1998) (month delay untimely). Failure to comply with this requirement can be sufficient grounds to refuse permission to appeal. *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000).

In this case, the original Order was denied on February 1, 2023; however, the Motion for Certificate of Appeal was not filed until September 15, 2023, which was 226 days, albeit 10 days after the Order was entered denying motion for

reconsideration. The Court also finds that resolution of the question of law would not expedite resolution of the suit.

## CONCLUSION

For the reasons set forth above, the Wexford Defendants Motion for Certificate of Appealability (Doc. 240) is **DENIED**. The Wexford Defendants are again **ORDERED** to produce the documents at issue within 7 days, or by October 9, 2023.

**IT IS SO ORDERED.**

**DATED:   October 2, 2023**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**
